WILLIAM YOUNG, PLAINTIFF IN ERROR, V. ELIJAH
FILLEY ET AL., DEFENDANTS IN ERROR.

1.  **Sale:** WARRANTY: DAMAGES.  In an action for damages for
    a breach of warranty or fraudulent representations as to the
    quality of personal property sold, where there is no rescission
    of the contract, the measure of damages is the difference be-
    tween the value of the property as it actually was and what
    would have been its value had it been as represented at the
    time the representation or warranty was made.

2.  **Allegata et Probata.**  The allegations of the petition and
    the proof must agree.

ERROR to the district court for Gage county.   Tried
below before BROADY, J.

*E. O. Kretsinger* and *Bush & Rickards*, for plaintiff in
error.

*Hazlett & Bates* and *L. W. Colby*, for defendants in er-
ror.

REESE, J.

On the trial of this cause in the district court plaintiff in error objected to the introduction of any testimony by the defendant in error for the reason that the petition did not state facts sufficient to constitute a cause of action. The objection was overruled and this ruling is assigned for error.

The action is one for damages resulting from fraudulent representations and breach of warranty as to the quality of a certain field of standing corn sold by plaintiff in error to defendants in error. The allegations of the petition are substantially that plaintiff (defendant in error) purchased the corn, and that defendant (plaintiff in error) to induce the plaintiff to purchase the same falsely represented that the corn would yield thirty bushels to the acre, and that there was a good stand which had been well cultivated and was good corn. That defendant in error, relying upon such statement, purchased said corn and paid therefor the sum of $180. It is further alleged that the corn "will" not yield thirty bushels to the acre, nor "is" it a good stand of corn, nor "is" it clean as represented by defendant (plaintiff in error), but that the whole number of said acres "will" not produce over one hundred and twenty-five bushels of corn, and "is" exceedingly thin on the ground and of an inferior quality, and "is" not good corn, and that plaintiff in error knew the representations to be false when he made them, etc. The contract is alleged to have been made on the first day of October, 1881. The petition was verified on the 26th day of the same month and filed on the 3d of May, 1882. In respect to the time at which the defects in the corn existed it must be conceded that the petition is unskillfully and carelessly drawn. In order to recover it must appear that the condition of the corn was not as represented at the time the representations were made. While it might be that a new trial would not be granted for this defect alone,

since the objection was not made before trial, yet such pleading should not be encouraged, and as a new trial may be had the petition should be amended in this particular before such trial is had upon such terms as the district court may order.

It is insisted by defendant in error that the petition alleges both a breach of warranty and fraud, and for the purpose of the case we will assume that such is the fact. In either case where there is no allegation of a rescission of the contract the measure of damages is the difference between the value of the corn as it really was at that time and what it would have been worth had it been as represented. Field on Damages, § 272, *et seq.* *Long v. Clapp*, 15 Neb., 420.    *Giffert v. West*, 33 Wis., 617.

The court so instructed the jury, upon the request of plaintiff in error. The trial resulted in a verdict and judgment in favor of defendants in error for $135.92. There was no evidence introduced showing the real value of the corn at the time of the purchase and payment of the price. There was therefore a want of evidence upon which to base the verdict, and the motion for a new trial should have been sustained.

The defendants in error seem to have tried the case upon the theory that the measure of damages was the amount of the price paid, with interest, and with that view introduced testimony tending to prove that they did not gather any of the crop, but this is at variance with the allegations of the petition. There is no allegation that the corn was worthless, and since defendants in error have not rescinded the contract they can only recover damages under the rule above stated, if anything.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.