EDWARD CLARK V. WILLIAM DEERING & CO.

[FILED APRIL 1, 1890.]

1. Warranty : BREACH: WAIVER BY ACQUIESCENCE. A harvesting machine was sold under a warranty which provided that " if it could not be made to work well it would be taken back if returned immediately to the agent of whom purchased and the cash payment refunded and the notes given therefor returned." *Held,* That after the purchaser had used the machine a part of two harvests, he could not rescind the contract, even though the machine failed to comply with the warranty.

2. The demurrer to the answer, *held,* properly sustained.

ERROR to the district court for Furnas county.   Tried below before COCHRAN, J.

*W. S. Morlan,* and *E. B. Stephens,* for plaintiff in error.

*G. W. Norris, contra.*

No briefs filed.

NORVAL, J.

The defendants in error brought an action on a promissory note for the sum of $66.67 and interest, executed by the plaintiff in error.   The petition is in the usual form. The allegations of the answer are as follows:

"1. The defendant in answer to the petition of the plaintiff alleges that the promissory note set forth in plaintiff's petition was given with two other notes of a like amount each, making a total of $200 and $15 freight, for the purchase from the plaintiff of a Deering twine binder machine and for no other purpose whatever.

"2. To induce the defendant to purchase said machine and to make and deliver to plaintiff said promissory notes for said machine, the plaintiff delivered to defendant a

Clark v. Deering.

written and printed warranty of said machine, a copy of which is hereto attached and marked 'Exhibit A,' and made a part hereof, in which plaintiff warranted said machine to be well made, of good material and durable with proper care, and that said machine would do good work as a harvester to cut grain, and would work well for that purpose. That if said machine was defective and would not perform said work, that plaintiffs, upon notice to them or their agent, would put the machine in good order, so it would perform the work for which it was intended, and that if it could not be put in order, plaintiffs would take back the machine and return to defendant said notes.

"3. The defendant, relying on said warranty and representations of plaintiffs, purchased said machine from plaintiffs for the sum of $215, and executed and delivered to plaintiffs his three promissory notes for said machine, one of which is the note sued on, and one note for $66.67 which defendant has paid to plaintiffs.

"4. That said machine was not such a machine as plaintiffs warranted it to be; it was not well made, of good material, and durable; that it would not do the work it was warranted to do, but was defective and incomplete.

"5. That the defendant gave the said machine a fair trial, and on the first day's trial of the same, he ascertained that it was not such a machine as plaintiffs had warranted it to be, and would not do the work. The defendant immediately, on the 10th day of July, 1885, gave notice to Henry Tomblin, plaintiffs' agent, that the machine was defective and would not work, and requested him to put it in order, which the agent failed and refused to do, and at divers other times during the months of July and August, 1885, and at divers times during the year 1886 defendant gave notice to the agent of plaintiffs that the machine was defective and would not work, and they utterly failed to repair and make said machine as warranted and have utterly failed so to do up to this time.

"6. Defendant further alleges that he has lost said war-ranty, and that after diligent search he cannot find the same, but that the 'Exhibit A,' hereto attached, is a true and correct copy of the same.

"7. Defendant further alleges that by reason of plaint-iffs' failure to repair said machine and put it in good work-ing order, and to supply the defects of the same, and make it work well, the defendant was deprived of the use of the same a part of the harvest of 1885, and in consequence of not putting it in good order and supplying defective parts of said machine, the defendant sustained damages in the sum of $75.

"8. Defendant further alleges that by reason of plaint-iffs' failure to repair said machine and put it in good work-ing order, the defendant was deprived of the use of said machine during the greater part of the year 1886, to his further damage of $50, making the aggregate damages sustained by the defendant of $125.

"The defendant therefore prays that $125, the amount of said damages sustained by him, may be deducted from the amount of said note, and that the balance of the dam-ages after paying said note, defendant may have judgment therefor and costs of suit."

The following is a copy of "Exhibit A:"

"ARAPAHOE, NEB., July 10, 1885.

"This machine is warranted to be well made, of good material, and durable with proper care. If, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said William Deering & Co., or their agent, and allow time to send a person to put it in order. If it cannot be made to work well, it will be taken back, if returned immediately to their agent of whom purchased, at his place of business, and the cash payment refunded and the notes returned. Keeping and continuing to use the machine shall constitute an acceptance of the same.     WILLIAM DEERING & CO."

The plaintiff demurred to the answer, alleging that the facts stated therein are not sufficient to constitute a defense to the suit. The demurrer was sustained by the court, the defendant accepted and refusing to plead further, elected to stand upon his exception. The findings and judgment of the district court were for the plaintiffs, and the defendant brings the case here for review by proceedings in error.

The sole error complained of consists of sustaining the demurrer to the answer. Does the answer state a complete or partial defense? The note sued on, with two others of like amount, was given for the purchase from the plaintiffs of one of their twine binders, which was sold upon a warranty. The answer discloses that upon the first day's trial it was discovered that the machine was defective and would not work well; that the defendant immediately notified plaintiffs' agent of that fact and requested him to put the machine in order, which he failed and refused to do. The defendant, instead of availing himself of the provisions of the warranty, which permitted him to return the binder to the agent of whom he purchased, and demand his notes, kept the machine and used it during a part of the harvests of 1885 and 1886. The defendant had a right, within a reasonable time after he discovered that the machine was defective, to return it to the plaintiffs' agent and rescind the contract. It does not appear that the defendant ever returned or offered to return the machine. By the terms of the warranty, the keeping and using of the binder constituted an acceptance of the same. Having accepted, kept, and used it for more than a year, he cannot claim a rescission of the contract as a defense to the note sued on.

The defendant sets up in his answer as a counter-claim, damages in the sum of $125 on account of being deprived of the use of the machine during a part of the harvests of 1885 and 1886, in consequence of the plaintiffs not putting the same in good order and supplying the defective parts. It is obvious that these matters claimed as damages

are not a proper subject of counter-claim. Such elements of damage were not contemplated by the parties at the time the contract was entered into. In principle this case is not distinguishable from *Sycamore Co. v. Sturm*, 13 Neb., 210, in which this court held, in construing a warranty similar to the one at bar, that damages like those contended for by the defendant in this case could not be allowed. In case of a breach of warranty the measure of damages is usually the difference between the value of property as it actually was and what it would have been had it been as represented by the seller at the time the warranty was made. (*Young v. Filly*, 19 Neb., 545.)

There is an entire absence of any allegation in the answer as to the value of the machine when purchased. The answer failing to state a defense, no error was committed in sustaining the demurrer thereto. The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.