ACME HARVESTER COMPANY, APPELLEE, v. HENRY H. CAR-ROLL, APPELLANT.

FILED JANUARY 23, 1908.   No. 14,976.

1. Sales: RESCISSION. "A harvesting machine was sold under a warranty which provided that 'if it could not be made to work well it would be taken back if returned immediately to the agent of whom purchased and the cash payment refunded and the notes given therefor returned.' *Held,* That after the purchaser had used the machine a part of two harvests he could not rescind the contract, even though the machine failed to comply with the warranty." *Clark v. Deering & Co.,* 29 Neb. 293, reaffirmed.

2. Evidence examined, and *held* to fully sustain the findings and judgment of the district court.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*A. N. Sullivan,* for appellant.

*Matthew Gering, contra.*

FAWCETT, C.

This action was brought by appellee against appellant, Henry H. Carroll, and his wife, Carrie, upon a promissory note, dated June 13, 1903, given to appellee for a combined reaper and header, purchased on that date from appellee by appellant, Henry H. Carroll. Defendant, Carrie Carroll, interposed the defense of coverture, which was sustained by the trial court, so that the case now before us stands upon the appeal of Henry H. Carroll from the judgment against him on the note referred to.

One of appellant's assignments of error is "miscon-

duct of appellant's (appellee's) attorney." An examination of the record fails to disclose any evidence to convict appellee's attorney of such charge. Counsel for appellant argues the questions of "accident and surprise," "newly discovered evidence," and "the measure of damages." As none of these three alleged errors appear in the assignment of errors, filed as required by rule 34, they cannot be considered. *Erck v. Omaha Nat. Bank,* 43 Neb. 613; *Raker v. State,* 50 Neb. 502; *Phœnix Ins. Co. v. King,* 54 Neb. 630.

This leaves for consideration the questions as to whether the judgment is sustained by sufficient evidence, and whether or not the law has been properly applied to the evidence. The case was tried to the court without the intervention of a jury, and its findings, upon the questions of fact presented by the evidence, cannot be disturbed unless they are clearly wrong. The record disclosed that appellant purchased the machine under written contract, reading as follows: "All our machines are warranted to be well made, of good material, and, with proper usage and management, to do good work. If, in one day's trial, any machine does not perform as above, the purchaser agrees to notify Acme Harvester Company, at its principal office at Peoria, Ill., and the agent from whom he purchased the machine, by registered letter or telegram, and allow them time to get to the machine and remedy the defect, if there be any (if it be of such a nature that a remedy cannot be suggested by letter), the purchaser rendering necessary and friendly assistance. If the machine cannot be made to fill the warranty, it shall be returned by the purchaser to the place where received, and another furnished which shall perform the work, or the money and notes which shall have been given for same returned, and no further claim made on Acme Harvester Company. It is further mutually understood and agreed that continued possession of said machine after the expiration of the time named in the above warranty shall be evidence of fulfilment of the warranty to the full satisfaction of the purchaser, who agrees thereafter to make no further claim on

Acme Harvester Company; and further, that any alterations or erasures made in the above warranty, or in this special understanding and agreement, are unauthorized and void."

Without going into the evidence in detail, it is sufficient to say that the machine was shipped by appellee to appellant's farm in Kansas; that appellee sent an expert to set up the machine and put it in operation; that appellant used it during the entire harvest of 1903, and again during the harvest of 1904. Appellant testifies that during this time the machine did not do good work; that he made numerous complaints to appellee, and that, by reason of the unsatisfactory or bad working of the machine, he lost a portion of his crop in 1903, and again in 1904, the value of which crops, together with other expenses incurred by him, he seeks to recover of appellee as damages resulting from the failure of the warranty. The evidence also shows that he never returned the machine to appellee, nor to the agent from whom he purchased it, but kept and used it, and that it was still upon his premises at the time of the suit; that an agent of appellee made three trips to appellant's place in Kansas in the summer of 1904; but was never able to find appellant at home; that on one of those trips he took with him an expert to put the machine in order; that they examined the machine, and could discover nothing wrong with it, except a few breakages, the total repairs of which would cost not to exceed $7 or $8; that he told appellant's son, a young man 20 or 21 years of age, that he would be in a little town nearby for several days, and that if his father would come in and pay the note he would give him all the repairs he needed, but that appellant never called for such repairs, and never has paid the note.

We think the evidence also fairly shows, not only that appellant never in fact returned the machine to the company or to the agent from who he purchased it, but that he never even offered to return it until after the maturity of the note and when payment thereof was demanded by ap-

pellee's representative. We think the findings and judg-ment of the court are fully sustained by the evidence and were in strict conformity to the law governing such a case. *Sycamore Marsh Harvester Mfg. Co. v. Sturm*, 13 Neb. 210; *Edgerly v. Gardner*, 9 Neb. 130; *Clark v. Deering & Co.*, 29 Neb. 293.

We therefore recommend that the judgment of the district court be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.