JOSEPH H. McCLATCHEY, APPELLANT, V. JOHN S. ANDER-
SON, APPELLEE.

FILED JUNE 25, 1909.    No. 15,754.

1. **Sales:** BREACH OF WARRANTY: DAMAGES.   Where a breach of war-
ranty occurs and the sale had not been rescinded, the usual
measure of damages is the difference between the actual market
value of the warranted chattel and its market value if it had
been as warranted and represented to be.   The fact that the
purchaser had in turn sold the chattel with a warranty, and
had not been compelled to respond in damages for a breach
thereof, does not furnish any ground for refusing to submit the
question of damages for the breach of the original warranty to
the jury.

2. **Evidence:** BREACH OF WARRANTY: SELF-SERVING DECLARATIONS.   In
an action for breach of warranty of a stallion, the plaintiff testi-
fied in effect that he rescinded the sale and returned the horse
to the defendant, but that at the defendant's request he kept
the horse in his stable, and that while in his possession the horse
was sold by the defendant to one Gallagher.   Defendant intro-
duced the testimony of Gallagher and himself to the effect that
the horse was purchased by Gallagher from the plaintiff, and
not from defendant.   Plaintiff then offered to prove that at the
time that Gallagher purchased and took the horse he told Gal-
lagher that the horse did not belong to him, but belonged to
the defendant.   This evidence was excluded by the court upon
objection.   *Held,* That the offered evidence was a self-serving
declaration of the plaintiff made after the fact, and was prop-
erly excluded.

3. **Appeal:** INSTRUCTIONS.   If a party believes that the instructions of
the court are not sufficiently definite or specific to properly pre-
sent the issues to the jury, it is his duty to request or tender
more definite and specific instructions, and, failing in this, he
cannot assign the indefiniteness of the court's instructions as
ground for reversal.

4. **Appeal:** VERDICT: EVIDENCE.   When questions of fact are decided
by a jury upon conflicting evidence, the verdict will not be set
aside on the ground of insufficient evidence, unless it is mani-
festly wrong.

APPEAL from the district court for Seward county:
BENJAMIN F. GOOD, JUDGE.   *Affirmed.*

*France & France* and *Landis & Schick,* for appellant.

*J. J. Thomas, M. D. Carey* and *Edwin Vail, contra.*

LETTON, J.

This action was brought by the plaintiff to recover damages for breach of warranty upon a stallion named Jupiter, which he procured from the defendant in exchange for a stallion named Stobal and $300 in money. The defendant admits the exchange of stallions and the receipt of the money, but denies the warranty. He also alleged that the plaintiff warranted the stallion Stobal, that there was a breach of this warranty, and prayed for damages for the breach. In reply the plaintiff admits the warranty of the stallion Stobal, and denies a breach. There was a verdict for the defendant on the plaintiff's cause of action, and for the plaintiff on its counterclaim.

1. Appellant's first contention is that the court erred in submitting the counterclaim of the defendant to the jury, for the reason that shortly after he acquired the stallion Stobal he sold him to one Wertman, with a warranty that he was a sure breeder and foal getter; that Anderson had not been compelled to pay anything to Wertman on account of a breach of this warranty, and therefore cannot recover against McClatchey until he has been compelled to respond to Wertman in damages. We believe this to be an erroneous idea as to the law. The breach of warranty, if any, occurred at the time of the sale, and the purchaser upon discovery of the breach was entitled to recover the difference between the actual market value of the animal and its market value had it been as warranted and represented to him. *Young v. Filley,* 19 Neb. 543; *Clark v. Deering & Co.,* 29 Neb. 293; *Burr v. Redhead,* 52 Neb. 617; 3 Sutherland, Damages (3d ed.), sec. 670. The fact that Anderson had sold the horse in nowise affected his right to recover upon the warranty, and it was proper to submit the question to the

jury. In any event no prejudice to the plaintiff is shown, because the jury found in his favor on this issue. It is insisted that because of the counterclaim the jury set off the damages for this breach against the damages properly accruing to the plaintiff, but this is a mere speculation which we are not at liberty to consider or treat as of any weight in the way of argument.

2. The alleged error most strenuously complained of was the rejection by the court of the plaintiff's offer to prove that he told one Gallagher that the stallion Jupiter did not belong to him, but belonged to Anderson, at the time that Gallagher became the owner of the horse. The plaintiff testified that he returned this stallion to the defendant, but that defendant requested him to keep the horse at plaintiff's barn in York until he could dispose of him, and that defendant afterwards sold him to Gallagher. This was denied by the defendant, who introduced evidence to show that Gallagher dealt with the plaintiff for the stallion Jupiter and purchased the horse from him, and not from defendant. We think the court was clearly right in excluding this testimony. The declarations were self-serving statements made after the transaction in the absence of the opposite party. Under no rule of evidence of which we are aware could they have properly been received. *Commercial Nat. Bank v. Brill,* 37 Neb. 626; *Zobel v. Bauersachs,* 55 Neb. 20. It is argued that the rejected evidence should have been received in order to meet the evidence of Gallagher, but it is clearly incompetent.

3. The plaintiff testified that he bred the horse Jupiter to between 45 and 50 mares; that with one or two exceptions each was served three times, but that the horse was useless. During the trial plaintiff was permitted to amend his petition so as to claim $250 damages for expenses in keeping the horse Jupiter during the season of 1905. Following this amendment, the plaintiff returned to the witness stand and testified that he kept a record of

53

the mares served. This record was offered in evidence, but was objected to as incompetent and immaterial and not being a book account such as the statute permits to be introduced as original evidence. The court sustained the objection, but permitted the plaintiff to refresh his recollection by using the book, and permitted counsel to use it upon cross-examination. This ruling is complained of. The district court did not err in refusing to admit this book in evidence. It does not fall within the statutory requirements as to books of original account, neither was it admissible as an independent memorandum, the proper foundation not being laid by proof that the entries were true and correct. The plaintiff was allowed to refresh his memory by its use, and we think this was all he was entitled to.

4. A large number of errors are assigned with respect to the reception or rejection of evidence. To take up each complaint in detail would extend this opinion to an unnecessary length, but we find no prejudicial error in the rulings of the court thereon. There is a direct conflict in the testimony with reference to the conversation between the parties at the time of the purchase of the horse Jupiter. The plaintiff testifies to a positive warranty, while the defendant testifies that the horse was unsound, that he so informed plaintiff at the time of purchase, that if the horse had been sound he would have been worth from $1,500 to $2,000, but being in the condition that he was his price was only $800, that the plaintiff inspected a number of other stallions which the defendant had for sale, but because Jupiter was an especially fine horse in size, style and breeding the low price at which he was offered induced the plaintiff to purchase, although not warranted. There is also a direct conflict of evidence with regard to the transaction with Gallagher; plaintiff asserting that the defendant disposed of the horse Jupiter to Gallagher, while the defendant testified that he merely informed plaintiff that Gallagher had brought some horses from the west, that

he would like to trade for the horse Jupiter, and that he had nothing to do with the transaction between Gallagher and McClatchey further than to bring the parties together.

5. Complaint is made that the court erred in permitting the affidavit of the defendant for continuance to be read in evidence to the jury. The record shows that a motion for a continuance was made by the defendant for the purpose of procuring the testimony of Gallagher, that the same was overruled, and that an agreement was made by the plaintiff in open court that the witness Gallagher, if present, would testify as stated in the affidavit, and that it might be read in evidence at the trial. When the affidavit was offered, the plaintiff objected on the ground that the plaintiff consented to the reading of this affidavit in evidence upon the condition that the case should be tried upon the 26th of December. The court, however, recited the agreement made of record as above set forth, and overruled the objection. After making an unconditional agreement of record that this affidavit should be read in evidence, the plaintiff was in no position at the trial to object to its introduction, and has no standing in this court to complain of the action of the district court in permitting it to be read in evidence.

6. Complaint is made of the giving of instructions 3 and 4 by the court. In these instructions the jury were told, in substance, that the material facts in the petition were the warranty, reliance thereon, a breach of the warranty, that the plaintiff was damaged thereby, and also that the defendant took back the horse Jupiter and traded him for western horses and $200 in cash, and that if they found such facts to be true the defendant would be liable to the plaintiff in damages, but that if, on the contrary, they believed that the defendant did not warrant the stallion, but told the plaintiff before the exchange that the horse was unsound, and expressed his opinion that it was an average foal getter, then the

expression of opinion would not constitute a warranty, and the plaintiff cannot recover. The court further instructed the jury that if they found for the plaintiff they should allow him the difference between the value of the horse Jupiter if he had been warranted and his real value as shown by the evidence at the time of the exchange, together with expenses of keeping and standing the horse for the season of 1905, and that from this sum they should deduct the value of the western horses as found from the evidence and the $200 in cash paid by Gallagher, and the difference between these two latter sums and the first will be the amount of plaintiff's damages.

These instructions were based upon the issues as made by the pleadings. If the plaintiff had established the allegations of his petition to the satisfaction of the jury, he would have been entitled to recover the difference between the value of the horse Jupiter as he actually was and what he would have been worth had he been as warranted; but if, as he alleged, the defendant had taken back the horse and given the plaintiff $200 in money and horses of the value of $300 in exchange, the plaintiff's recovery would be the difference in value less the amount which he had thus received. No instruction was requested or tendered by plaintiff asking a more definite statement. The plaintiff framed his petition so as to present these two questions to the jury, and while the instructions might have distinguished the issues more clearly, the plaintiff having failed to request more definite or specific instructions and having presented the issues in such manner, cannot now complain that they were imperfectly stated. *Sioux City & P. R. Co. v. Finlayson*, 16 Neb. 578; *Brownell & Co. v. Fuller*, 60 Neb. 558; *Barney v. Pinkham*, 37 Neb. 664.

7. Lastly, it is insisted that the evidence does not support the verdict. While there is a direct conflict in the testimony, there is sufficient to have supported a verdict for either party. It is impossible that the story of all

the witnesses can be true.  This being the case, the jury
are the judges of the facts, and we have repeatedly ·held
that, where questions of fact are decided by a jury upon
conflicting evidence, the verdict will not be set aside on
the ground of insufficient evidence, unless it is manifestly
wrong.  While there is room for considerable difference
of opinion as to the merits in this case, the verdict is not
manifestly wrong, and this court would not be justified
in setting it aside.  The jury evidently considered that
this was a case of "diamond cut diamond."  We are not
able to say that they did not reach a correct result.

The judgment of the district court therefore is

AFFIRMED. ·