FRANCIS E. FLAHERTY, APPELLEE, V. CLAY CARSKADON, APPELLANT.

53 N. W. 2d 756

Filed June 13, 1952. No. 33163.

*William S. Padley,* and *Beatty, Clarke, Murphy & Morgan,* for appellant.

*Brower & Brower,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by Francis E. Flaherty, plaintiff and appellee, against Clay Carskadon, defendant and appellant, for the recovery of $300 which the plaintiff claims is the balance due and owing on an oral contract for services performed. The alleged service covered a period of two months and plaintiff claims that the reasonable value of the service was $500 of which he received $200.

The defendant by answer admits a contract of employment but says that it was for $200 a month and that the wages earned were $166.77. He says that plaintiff received $200 which was $33 in excess of what he earned, and of course he denies any indebtedness.

The defendant in his answer filed in effect a cross-petition in which he claims that because of neglect

and omission of the plaintiff in the performance of the work covered by the contract of employment the defendant has been damaged in the amount of $2,000 by reason of which he seeks a recovery against the plaintiff for $999.99. The action originated in the county court and obviously the reason for the difference between the amount of damage claimed and the recovery sought is the fact that the maximum recovery allowable in the. county court is $1,000. There was a denial by plaintiff of the allegations of the answer.

A jury was waived and a trial was had to the court.. By the judgment the defendant was denied a recovery on his cross-petition and judgment was rendered in favor of plaintiff on his cause of action for $184 with interest at six percent from the date of judgment and costs amounting to $62.92. From the judgment the defendant has appealed.

A jury having been waived the findings of fact made have the same effect as the verdict of a jury and may not be disturbed on appeal unless they are clearly wrong.. Foltz v. Brakhage, 151 Neb. 216, 36 N. W. 2d 768; Floyd v. Edwards, 152 Neb. 673, 42 N. W. 2d 292.

It cannot be said that the findings of fact as to plain- tiff's alleged contract of employment, his work there- under, or the amount due him were clearly wrong. He testified in detail to the conversations which culminated in the contract and his performance thereunder. There is nothing in this testimony to render it incapable of belief. If it had been accepted in its entirety it would. have been sufficient to sustain a judgment for $200 in- stead of $184.

The trial court, as was its right, weighed the evidence and found that the lesser amount was due. This was an advantage in favor of the defendant of which of course he had no cause for complaint.

There is therefore no basis for disturbing the findings and judgment as to plaintiff's cause of action and this

conclusion disposes of all assignments of error relating thereto.

As to the cross-petition the defendant says that the court erred in excluding evidence offered to prove damage as alleged. This assignment may properly receive no consideration. Reference has not been made to any particular ruling or rulings on evidence which was offered and rejected in the statement of the case, the review of the evidence, or the argument.

This calls for the application of the following: "In order that assignments of error as to the admission or rejection of evidence may be considered, the rules of court require that appropriate reference be made to the specific evidence against which objection is urged." Joiner v. Pound, 149 Neb. 321, 31 N. W. 2d 100.

The defendant says, which of course is independent of the error relating to the rejection of evidence, that the court erred in refusing to render judgment in favor of defendant on his cross-petition.

As to this there is an absence of proof of certain essential elements of the pleaded cause of action. It was pleaded that plaintiff failed to properly cultivate corn, which was the important work contemplated by the contract for services, and as a consequence more than 40 acres were destroyed by weeds; and that if the more than 40 acres had been cultivated they would have produced 2,000 bushels of corn of the value of $2,000 above the cost of harvesting.

The record discloses that about 40 acres of corn were plowed up. This was done with the consent of defendant, on the representation of the plaintiff that on account of weeds it was worthless. This consent was given in a telephone conversation on August 3, 1949. It fairly appears from the testimony of plaintiff that the weeds resulted from inability to cultivate because of rainfall and the texture of the soil. The evidence of defendant as to the condition of the field when it was broken up is his inferences drawn from what he apparently saw on

June 18, 1949, when the contract was made, and on and after August 17, 1949, which was after the breaking. He was on the farm on two occasions between these dates but did not examine the field.

Whether or not this evidence of the defendant had probative value we do not need to decide since, assuming that it did, the finding in relation thereto was in favor of the plaintiff. Under the rule already stated, a jury having been waived, the finding must be accepted by this court.

There is another reason why the court did not err in rendering judgment against the defendant on his cross-petition. The defendant wholly failed to prove or offer to prove the amount or any portion of the amount of the loss which he claims to have sustained by the alleged acts or omissions of the plaintiff. There was no evidence in this respect upon which to base a judgment in favor of defendant on his cross-petition.

The judgment of the district court is affirmed.

AFFIRMED.