E. R. SPRINGER ET AL., APPELLANTS, v. JOHN J. HENTHORN, APPELLEE.

100 N. W. 2d 521

Filed January 8, 1960. No. 34708.

*Edgerton & Powell*, for appellants.

*Charles L. Whitney*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Hamilton County. The action was originally brought on January 21, 1958, in the county court of Hamilton County by E. R. Springer and Ralph Olson, doing business as Springer-Olson Company, a partnership, against John J. Hen-

thorn. The purpose of the action is to recover from defendant the sum of $112.55, with interest thereon at 7 percent from September 13, 1954, being the balance allegedly owing on an open running account of defendant with plaintiffs for goods, merchandise, and labor sold and furnished to defendant, which goods, merchandise, and labor, plaintiffs allege, were furnished to defendant at his request and for which he promised and agreed to pay, but has failed to do so. Defendant filed an answer wherein he denied being indebted to the plaintiffs as claimed by them, although in his testimony he admits owing $69 thereof. Defendant also filed a counterclaim wherein he alleged plaintiffs are indebted to him in the sum of $175 for loss he suffered because of a breach by plaintiffs of a warranty given by them on a Ford tractor which he had purchased from plaintiffs on April 16, 1953. From the judgment rendered by the county court the plaintiffs appealed to the district court. In the district court the cause was tried on the same issues as in the county court. A jury brought in a verdict against the plaintiffs and for the defendant, fixing defendant's damages at $175. Judgment was entered on the verdict. Plaintiffs filed two motions, one for judgment notwithstanding the verdict and the other for new trial. Both were overruled and the plaintiffs have perfected this appeal therefrom. It should be mentioned that the trial court, as a condition for overruling these motions, required defendant to file a remittitur for $66.24. This the defendant did, thus reducing his judgment by that amount.

Appellants contend the trial court erred in overruling their motion for judgment notwithstanding the verdict. Appellants did not make a motion for a directed verdict either at the close of appellee's evidence or at the close of all the evidence. We have often said that: "Under section 25-1315.02, R. R. S. 1943, a motion for directed verdict is an absolute prerequisite to a motion for judgment notwithstanding the verdict, and the trial

court cannot, either upon its own motion or upon motion for judgment notwithstanding the verdict, set aside a verdict and enter a judgment notwithstanding the verdict, where no preliminary motion for a directed verdict has been made." Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405. See, also, Allied Building Credits, Inc. v. Damicus, 167 Neb. 390, 93 N. W. 2d 210; Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367; In re Estate of Kinsey, 152 Neb. 95, 40 N. W. 2d 526. And, on appeal, our authority is no greater than that of the trial court. This contention is not well taken.

Appellants also contend that the trial court erred in admitting hearsay evidence when proper objection was made by them thereto. In Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628, where this subject is fully discussed, we held: "In order that assignments of error as to the admission or rejection of evidence may be considered, the holdings of this court require that appropriate reference be made to the specific evidence against which objection is urged." See, also, Sanne v. Sanne, 167 Neb. 683, 94 N. W. 2d 367; Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112; Flaherty v. Carskadon, 155 Neb. 853, 53 N. W. 2d 756; Colbert v. Miller, 149 Neb. 749, 32 N. W. 2d 500; Joiner v. Pound, 149 Neb. 321, 31 N. W. 2d 100. Appellants' assignments of error as to the admission of the evidence complained of do not meet this requirement.

Appellants, as a partnership, operated a business in Aurora, Nebraska. On April 16, 1953, this partnership, through appellant Olson, sold appellee a new Ford tractor, which appellee contends appellants expressly warranted against any defects which would make it unfit to perform normal farm tasks. Appellee, who had been a farmer for many years, was then living in the trade territory of Aurora. He had, prior to April 16, 1953, purchased Ford tractors from Olson on two occasions, one in 1947 and the other in 1949. Thus it becomes apparent that appellant Olson knew the pur-

pose for which appellee was purchasing the tractor.

The burden of proof on the counterclaim was on appellee. Mueller v. Keeley, 165 Neb. 243, 85 N. W. 2d 309. From the evidence adduced a jury could find there was an express warranty on the tractor against any defects; that the tractor was defective in many respects, such as the brakes, gears, transmission, clutch, power lift, and overdrive; that these defective conditions affected the tractor's operation and, on many occasions, prevented appellee from using it to perform the normal farm tasks for which it had been purchased; that appellants, on numerous occasions and as late as September 1955, endeavored to correct these defective conditions but were not completely successful in doing so; that such repairs were usually performed without expense to appellee; and that the Tractor and Implement Division of Ford Motor Company, as late as March 5, 1957, advised their Lincoln distributor of appellee's problem and requested it to make a further investigation.

Appellants contend the trial court erred in its instructions to the jury by referring to a warranty "to perform normal farm tasks," which appellee had pleaded, as reference thereto appears in instructions Nos. 2, 6, 9, 10, and 14. It should be remembered that the counterclaim is based on a breach of warranty and not on fraud because of misrepresentation.

As we have already stated, a jury could properly find, from the evidence adduced, that there was an express warranty against any defects in the operation of the tractor. This is particularly true in view of the conduct of appellants in their endeavor to repair the tractor, free of charge, and to put it in operating condition together with the activities of the Tractor and Implement Division of Ford Motor Company to the same end.

Section 69-415, R. R. S. 1943, insofar as here material, provides: "Subject to the provisions of this act and of any statute in that behalf, there is no implied war-

ranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. * * * (6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

Under these provisions of this statute the law implied a warranty that the tractor purchased by appellee was reasonably fit, suited, and adapted to the general purposes for which it was made and sold which, in this case, was the performance of normal farming tasks; that is, there was an implied warranty that the tractor would not be unfit, because of defective materials used or workmanship performed by the manufacturer, to perform the ordinary tasks of the kind of work for which it was purchased. See, Mueller v. Keeley, *supra;* Refrigeration Discount Corp. v. Richards, 135 Neb. 856, 284 N. W. 343; 77 C. J. S., Sales, § 330, p. 1192.

Appellants also contend that appellee's claim for warranty credit on the account is for items furnished long after the warranty had expired. There is no direct evidence as to the length of time the warranty was to cover. The record does show that the last item on the account in September 1955, related to repairs made by appellants in an endeavor to put the tractor in good operating condition because of the warranty given thereon at the time of sale.

Where a seller seeks to rectify a defective condition because of a warranty made at the time of the sale thereof ordinarily the seller is liable for the costs of such repairs. 77 C. J. S., Sales, § 330, p. 1192. And, by doing so, any time limitation on the warranty is there-

by waived. Advance Thresher Co. v. Vinckel, 84 Neb. 429, 121 N. W. 431; Ditto v. International Harvester Co., 105 Neb. 544, 181 N. W. 544.

Appellants further contend there was no evidence adduced upon which a jury could properly base its verdict of damages in the sum of $175.

In Long v. Carpenter, 154 Neb. 862, 50 N. W. 2d 67, we said: "Ordinarily, the measure of damages for breach of warranty of quality or condition is the difference between the value of the property at time of sale and the value it would have had if as warranted. Cox v. Greenlease-Lied Motors, 134 Neb. 1, 277 N. W. 819.

"However, as held in Burr v. Redhead, Norton, Lathrop Co., 52 Neb. 617, 72 N. W. 1058: 'All damages in contemplation of the parties to the contract, or which naturally may result from a breach of a warranty, accrue in favor of the party injured by such breach.

" 'What are sometimes denominated "consequential damages" may be recoverable in an action for a breach of warranty, if they are certain and determinate in nature or amount, or can be rendered so by evidence, and are also directly attributable to the breach of the contract as their cause.' See, also, Punteney-Mitchell Mfg. Co. v. Northwall Co., 66 Neb. 5, 91 N. W. 863.

"As stated in 88 A. L. R. 1440, quoting from 24 R. C. L. 76: ' "The right to recover special damages is subject to two conditions or limitations: (1) That the damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be expected to follow its violation; and (2) they must be certain, both in their nature and in respect to the cause from which they proceed." ' " See, also, Benson v. Walker, 157 Neb. 436, 59 N. W. 2d 739; Sherrill v. Coad, 92 Neb. 406, 138 N. W. 567.

There was evidence adduced to the effect that appellee was, under the foregoing principles, damaged be-

cause of the tractor's failure to operate properly but no evidence was adduced as to the value thereof.

"The amount of damages awarded by a jury must be sustained by ascertained and established facts, or it will be set aside." Poels v. Brown, 78 Neb. 783, 111 N. W. 798.

"A jury should be fully and fairly informed as to the various items of damages which it should take into consideration in arriving at its verdict. In this respect it is the duty of the trial court to instruct as to the proper basis upon which damages are to be assessed for each such item." Baty v. Wolff, 162 Neb. 1, 74 N. W. 2d 913. See, also, Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831.

"The charge of the trial court to the jury should be confined to the issues presented by the pleadings and supported by the evidence." Kroeger v. Safranek, *supra.*

"It is error for the trial court to submit to the jury an issue pleaded by the plaintiff which under the evidence adduced in the case affords no basis for recovery." Van Wye v. Wagner, 163 Neb. 205, 79 N. W. 2d 281.

A verdict cannot be based on mere speculation or conjecture. Van Wye v. Wagner, *supra;* Wessel v. City of Lincoln, 145 Neb. 357, 16 N. W. 2d 476; Securities Investment Corp. v. Krejci, 132 Neb. 146, 271 N. W. 287; Peabody v. Continental Life Ins. Co., 128 Neb. 23, 257 N. W. 482.

We think this contention of appellants has merit and, because thereof, the judgment should be reversed and the cause remanded to the district court for a new trial. It is so ordered.

REVERSED AND REMANDED.