RAY CLAIR SPERRY, APPELLANT, V. WILLIAM C. GREINER ET AL., APPELLEES.

122 N. W. 2d 463

Filed July 5, 1963. No. 35361.

John R. Doyle and Herbert J. Friedman, for appellant.

Beynon, Hecht & Fahrnbruch, Paul L. Douglas, and William D. Blue, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action to recover damages for personal injuries which plaintiff and appellant, Ray Clair Sperry, hereinafter referred to as plaintiff, claims he sustained by gunshot wounds. Appellees and defendants are William C. Greiner, a deputy sheriff of Lancaster County, hereinafter referred to as Greiner; Merle C. Karnopp, the sheriff of Lancaster County, hereinafter referred to as Karnopp; and Universal Surety Company, Greiner's bondsman. A jury returned a verdict for the defendants. Plaintiff perfected an appeal to this court from the judgment rendered therein.

On the evening of July 29, 1960, plaintiff, who admitted he had only 13 cents in his pocket, and a friend, after visiting two taverns, went to the Royal Grove, a dance

hall and tavern in the village of West Lincoln, where they drank beer and plaintiff danced. About 11:30 p. m., the friend went home when he was unable to locate plaintiff after searching all of the rooms at the Royal Grove, including the restroom. Plaintiff testified he had not left the Royal Grove, and that after it closed he waited around for the friend to come back. The friend testified that no such arrangement had been made. Plaintiff testified that after waiting around for sometime, he got into a car which was parked at the west end of the parking lot and went to sleep; that something awakened him and he jumped out of the car and started running; and that while running he was struck twice by bullets and sustained the injuries for which this action is brought.

Greiner and another deputy sheriff were on regular night patrol in the area of the tavern where there had been 18 break-ins or attempts at break-ins during the preceding 3 months. Greiner was driving the car, which was a white patrol car with a red dome light on the top and a highway patrol red light on the right front fender. As the car approached the tavern grounds, Greiner's companion flashed a spotlight in the rear of the parked car, and they noticed a figure look directly at the patrol car and then duck down. Greiner stopped the patrol car at the right rear of the parked car, and as Greiner was leaving the driver's seat, the plaintiff, carrying something in his hand resembling a gun but which Greiner subsequently learned was a flashlight, darted at full speed from the parked car, across the graveled road, and into a plowed field. Greiner started to give chase and hollered twice for plaintiff to halt. When plaintiff failed to heed the command, Greiner fired a warning shot into the ground behind plaintiff, who was pursuing a zigzag course. Plaintiff fell but got up and continued running, and Greiner fired a second warning shot in a downward position into the ground behind the plaintiff. Plaintiff continued to run

and then fell. Greiner came upon him, and then learned that the object in his hand was a flashlight and that he had been shot in the neck and the left buttock. Plaintiff's medical witness testified the course of the bullet in the neck was upward. A firearms expert testified that both wounds had been caused by bullets ricocheting from the plowed ground.

The owner of the parked automobile testified that he had parked it earlier in the evening and left with a friend. He did not return for it until sometime after the shooting. He testified that the flashlight in plaintiff's possession belonged to him and had been in the glove compartment of his car; that he was not acquainted with plaintiff; and that the plaintiff had no authority to be in his car. He also testified to the loss of certain drawing instruments, but they were not accounted for in the testimony.

Plaintiff in his petition alleged that Greiner was an employee of Karnopp; and that Karnopp was negligent and careless in failing to instruct him in the use and control of firearms. The evidence is undisputed that the gun, uniform, and automobile are the property of Lancaster County, and were furnished to Greiner for his use as a deputy sheriff.

It is evident that the jury accepted the defendants' theory of the case that the plaintiff was injured by two ricocheting bullets fired as warning shots into the plowed ground behind the plaintiff after he had failed to heed the command to halt; and that the plaintiff was fleeing in an attempt to escape arrest after having committed a felony.

Plaintiff alleges nine assignments of error. They are as follows: "1. The District Court erred in failing to instruct the jury on the plaintiff's theory of the case.

"2. The District Court erred in giving instruction number 5 wherein it places the burden on the plaintiff of proving an intentional tort against the defendant

Greiner in order to recover against said defendant, or the defendant Karnopp.

"3. The District Court erred in giving instruction number 5 wherein it states that if the evidence is equally balanced in favor of the defendants Greiner and Universal Surety Company then the plaintiff cannot recover against all the defendants, including the defendant Karnopp.

"4. The District Court erred in giving instruction number 10 when there was no evidence from which the jury could find the defendant Greiner had probable cause to believe that the plaintiff had committed a felony.

"5. The District Court erred in giving instruction number 10 to the jury wherein it states the deputy sheriff must act wantonly or maliciously in order to be liable for excessive force.

"6. The District Court erred in giving instruction number 16 to the jury wherein it places the burden of proof on the plaintiff to prove he did not commit a felony.

"7. The District Court erred in permitting the defendants to introduce evidence of opinion and conclusion which invaded the province of the jury and for which there was no basis in fact, in relation to the gun and the felony.

"8. The District Court erred in not permitting the jury, by any instruction, to find against the defendants jointly or severally when independent acts of negligence had been alleged and proved against defendant Greiner and defendant Karnopp.

"9. The District Court erred in failing to instruct the jury on the definition of negligence when it had become an issue as to defendant Greiner and defendant Karnopp at the time of the trial." We will discuss the assignments of error by number.

Under the first, second, third, and eighth assignments, it seems to be plaintiff's contention that he could recover from Karnopp for negligence even though he might not recover against Greiner. Plaintiff cites no

authority for this position, which is obviously fallacious. The cases he does cite are on another point and have no application here. Even if Karnopp were negligent, which the record does not support, that negligence is immaterial unless it contributed to the proximate cause of plaintiff's injuries. If plaintiff could not recover from Greiner, then certainly any negligence of Karnopp's could not have been any part of the proximate cause. Any recovery against Karnopp must be based upon the doctrine of respondeat superior. The relation of master and servant must be shown to exist at the time of the injury and with respect to the particular transaction resulting in the alleged tort, and the servant must be shown to be acting within the scope of his employment. Rich v. Dugan, 135 Neb. 63, 280 N. W. 225.

With reference to the first assignment, without going into a detailed discussion, the trial court fully instructed the jury upon the plaintiff's theory of the case as disclosed by the pleadings and the evidence.

With specific reference to the second assignment, instruction No. 5 correctly and accurately covers plaintiff's pleadings and the evidence. There is no merit to plaintiff's assignment.

Plaintiff's fourth assignment refers to the trial court's instruction No. 10, which defined the duty of an officer in attempting to make an arrest if he has probable cause to believe a felony had been committed and the person sought to be arrested attempts to escape.

Did Greiner have probable cause to believe plaintiff had committed a felony? There had been several recent attempts at breaking and entering in the vicinity of the tavern. It was an early morning hour and the Royal Grove had been closed for sometime and no one was around. When Greiner's partner flashed the patrol car spotlight on the parked car, the plaintiff raised up and then ducked down. When the patrol car stopped, plaintiff jumped from the parked car and started running, and at that time had an object in his hand which had

the appearance of a gun. He was running fast and failed to stop on the command to "halt or I will shoot" and continued to run after one warning shot was fired.

Section 28-531.02, R. R. S. 1943, provides as follows: "Every person who shall break and enter, or enter without breaking, at any time, any motor vehicle, with intent to commit the crime of larceny, shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the penitentiary for not less than one year nor more than two years."

Section 29-401, R. R. S. 1943, provides as follows: "Every sheriff, deputy sheriff, constable, marshal or deputy marshal, watchman or police officer shall arrest and detain any person found violating any law of this state, or any legal ordinance of any city or incorporated village, until a legal warrant can be obtained."

Surely the facts were such that a reasonable man might believe that he had come upon the plaintiff in the act of committing a felony. The patrol car was lighted and well marked. Plaintiff could not help but know that it was a patrol car and the men were officers. The command to halt was loud enough for the plaintiff to hear, yet he saw fit to continue to flee. Unless Greiner had a right to believe a felony had been committed, it would be difficult to imagine a situation where an arrest could be made where an officer came upon what appeared to be the commission of a crime. There was ample evidence from which a jury could find Greiner had probable cause to believe plaintiff had committed a felony. There is no merit to plaintiff's fourth assignment.

Plaintiff in his fifth assignment picks out an isolated part of one sentence in instruction No. 10. The entire sentence reads: "However, if a deputy sheriff uses more force than is reasonably necessary to prevent the escape *or* acts wantonly or maliciously, he commits an assault and battery, and is liable therefor in damages for excessive force." (Italics supplied.) This does not

give the connotation plaintiff attempts to suggest.

With reference to the sixth assignment, instruction No. 16 reads as follows: "If you find by a preponderance of the evidence that the defendant, William C. Greiner, had reasonable grounds to believe and did believe that the plaintiff committed a felony and was attempting to escape arrest; and that the defendant, William C. Greiner, used only that force that was reasonably necessary to prevent the plaintiff from fleeing from arrest, then your verdict shall be for the defendants.

"If, however, you find from a preponderance of the evidence that the plaintiff had not committed a felony and that the defendant, William C. Greiner did not have probably (sic) cause to believe that the plaintiff had committed a felony, then the defendant, William C. Greiner, was without authority to inflict force against the plaintiff and your verdict should be for the plaintiff." Read in conjunction with the other instructions, instruction No. 16 clearly put the burden on Greiner and not on the plaintiff to prove that plaintiff had committed a felony and that Greiner had probable cause to so believe.

Plaintiff in his seventh assignment has made no reference to, or pointed out, specific admitted evidence against which this objection is urged. We said in Springer v. Henthorn, 169 Neb. 578, 100 N. W. 2d 521: "In order that assignments of error as to the admission or rejection of evidence may be considered, the holdings of this court require that appropriate reference be made to the specific evidence against which objection is urged." We assume, however, it is directed to the fact that Greiner was permitted to testify that plaintiff had an object in his hand which appeared to be a gun. There is no dispute plaintiff did have an object in his right hand. It was the flashlight identified as being from the glove compartment of the car. In the excitement of the moment it could have resembled a gun. We see no error in the admission of this evidence.

Plaintiff's ninth assignment is equally without substance. While the trial court did submit the issue of negligence as to both Greiner and Karnopp, plaintiff's own evidence completely negatives any of the alleged negligence on the part of Karnopp. As to Greiner, plaintiff's original petition was framed on the basis of an intentional tort. Just before trial, plaintiff was permitted to add the word "negligently" to his petition. The trial court adequately instructed on the duties of the officer, and specifically in instruction No. 11 told the jury: "The officer, however, is required not to use any more force than that which would appear to an ordinarily prudent person, under all the existing circumstances, to be reasonably necessary to effectuate an arrest."

In instruction No. 12, the jury was told: "In order for you to determine whether the conduct of the officer in making the arrest was wrongful you are advised that the officer need not have acted according to the standards of a cool, calm and collected man, or have measured the amount of force necessary to make the arrest with deliberation or absolute precision. * * * The standard to be used in measuring his conduct is that he must conduct himself as an ordinarily prudent man would have done under the circumstances as shown by the evidence."

The plaintiff tendered no instructions. The trial court gave 21 instructions, which, considered as a whole, more than adequately presented plaintiff's theory of the case.

Our attention has not been directed to any error prejudicial to the rights of the plaintiff. We find no reason to disturb the judgment entered by the trial court on the verdict of the jury. We therefore affirm the judgment herein.

AFFIRMED.

WHITE, C. J., not participating.