## S. R. McCONNELL ET AL. V. JOHN S. LEWIS, JR.

FILED MARCH 8, 1899.   NO. 8774.

1. **Sale:** BREACH OF WARRANTY: DAMAGES: PLEADING. An answer in an action on an account for goods and merchandise sold and delivered admitted the sale, but alleged that it was with a warranty of quality and that the property was worthless; also alleged damages. *Held*, A pleading of warranty, a breach thereof, and damages, and that there might be shown general damages in this case, that the property was of a market value less than it would have been if as represented, and that the pleader was not confined to proof of its entire worthlessness.

2. ——: ——: ——. If the sale of a warranted article of personalty is an executed one, the purchaser may retain the property, and in an action by the vendor for the purchase price recover damages which have arisen through breach of the warranty.

3. **Evidence:** SAMPLES OF GOODS: SALES. The action of the trial court, by which certain evidence was admitted, examined and determined not erroneous.

ERROR from the district court of Wayne county. Tried below before ROBINSON, J.   *Affirmed.*

*F. W. Burdick* and *Frank M. Northrop*, for plaintiffs in error.

*Barnes & Tyler* and *James Britton, contra.*

HARRISON, C. J.

The plaintiffs instituted this action to recover the amount alleged to be their due from· defendant on account of a sale of personal property by them to him.   The defendant, in answer, admitted the sale, but pleaded that it was accompanied by a warranty of the quality of the article sold, which was some leather for use in his business of harness-maker, also a breach of warranty and damages thereby.   Of the issues there was a trial, which resulted in a verdict and judgment by which defendant was allowed damages, and the cause is presented to this court in an error proceeding in behalf of the plaintiffs.

It is·urged in argument that the trial court erred in its refusal to charge the jury as requested for plaintiffs in instructions 1, 2, and 3 prepared and presented for them.   In the answer of the defendant there was a statement that the leather purchased "was entirely worthless and of no value," and in each of the instructions to which we have just referred it was sought to have the jury directed that, unless the proof was to the effect that the leather was of no value, there was no defense established and the plaintiffs were entitled to a verdict for the full amount of the account.   We do not deem the argument tenable.   The allegations of the answer were of a warranty, its breach and damages, and evidence of each allegation was competent and material, and if there was evidence of a warranty and a breach thereof,· then any general damages might be proved to the extent of a whole or partial warranted value of the leather, and if shown,

they might be allowed. The defendant could not be held to proof of an entire lack of value and none other.

Another contention is with reference to the refusal of the trial court to give instructions 4, 5, and 6 requested for plaintiffs. By these instructions it was sought to have the jury directed that if the defendant knew when he received and used the leather, or by an examination might have discovered, that it was not as recommended, it then became his duty to notify the plaintiffs of such conditions, and if he had failed so to do, he could not successfully urge a claim for damages. To this it must be said that there was evidence to show that the sale was an executed one. The action was against him on an account of the consideration of a completed sale, and he could retain and use the leather and in an action on the account assert, prove, and recover his damages. (28 Am. & Eng. Ency. Law 810 and cases cited in note.)

It is also urged that the trial court erred in the admission in evidence of certain pieces of the leather in connection with the testimony of witnesses relative to the quality. The witnesses who were shown these pieces were competent to testify of the quality of leather, and it was further proved that what were introduced were fair samples of all the leather involved in the suit. We think, for the purpose and under the circumstances and conditions offered, the pieces of leather were properly received in evidence. No sufficient cause for reversal has been shown and the judgment will be

AFFIRMED.