HOOSIER MANUFACTURING COMPANY, APPELLANT, v.
CHARLES W. SWENSON ET AL., APPELLEES.

FILED JUNE 10, 1910.    No. 16,051.

1. **Sales: COUNTERCLAIMS.** The first and second counterclaims filed
   by defendants and set out in the opinion examined, and *held* that
   the general demurrers thereto were properly overruled.

2. **Instructions,** referred to in the opinion, examined, and *held* properly
   given.

3. **Evidence** examined, and *held* to so clearly sustain the verdict of the
   jury as to render a discussion thereof unnecessary.

4. **Courts: FORMER DECISIONS.** Where the questions of law involved in
   a case appealed to this court have been definitely settled by our
   former adjudications, further review of such authorities is not
   required.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Crane & Boucher,* for appellant.

*Baldrige, De Bord & Fradenburg, contra.*

FAWCETT, J.

Plaintiff, an Indiana corporation, brought this action
in the district court for Douglas county to recover a
balance of $592.35 for a lot of coats and overalls of its
manufacture which it had sold to defendants, who are
wholesale dealers in such goods.    Defendants admit the
purchase and receipt of the goods set out in plaintiff's peti-
tion, but deny that they were of the value alleged; admit
making the payments set out in plaintiff's petition, but
deny that there is anything due plaintiff; and plead two
counterclaims.

In their first counterclaim they allege, substantially,
that the goods were purchased from samples then ex-
hibited by plaintiff, and in reliance upon plaintiff's as-
surance and warranty that the goods when shipped should

be of certain specified color, weight and material and of good workmanship, and all equal to the samples then shown them by plaintiff; that thereafter plaintiff shipped to them coats and overalls on or about the dates alleged; that the goods so furnished and delivered were of inferior quality, weight, material, color, and workmanship to the samples by which the same were sold to them; that they were not properly cut, nor like the samples; that said garments were too short, the material was of less weight than the samples, and less than that agreed to be furnished; that said garments so furnished were worth at least $1 per dozen garments less than those which the plaintiff had agreed to furnish; that by reason of such breach they have been damaged in the sum of $300. Attached to and made a part of their answer and counterclaim is a full statement of the goods so furnished by plaintiff, together with the number of each kind of garment, the factory number of such garment, the price which defendants agreed to pay therefor providing they were up to sample and contract, and the fair market value of the garments delivered, together with the difference in the values of said respective items.

In their second counterclaim they allege that on or about January 29, 1906, plaintiff accepted from them an order for 90 dozen duck coats of plaintiff's make and brand; that they ordered said coats for the purpose of reselling same, in the course of their mercantile business, at a profit; that plaintiff, knowing that they were ordering the said goods for such purpose, agreed to furnish the same at the purchase price for the respective garments as shown in an exhibit attached to and made a part of said counterclaim; that thereafter they made resales of such goods to customers at a profit, and gave directions and orders to plaintiff to furnish the same; that plaintiff wholly failed and refused to furnish said goods so ordered, and that defendants lost, in expenses of making such resales and profits upon the goods so resold by them, large sums of money, aggregating $342.25; that said goods so

purchased from plaintiff were for plaintiff's make and brands and could not be filled with any other goods, and that defendants were thereby prevented from consummating arrangements for such resales. Defendants attached to and made a part of said counterclaim an itemized statement giving the numbers of the goods so sold and agreed to be furnished, together with the respective numbers of each, the prices at which plaintiff agreed to sell the same to defendants, the prices at which defendants had made resales, and the respective amounts of profits upon each item so resold which they claim to have lost by reason of the failure of plaintiff to furnish said goods as ordered.

A third counterclaim was filed, but, as the court directed a verdict in favor of plaintiff upon that claim, and defendants have not appealed therefrom, it need not be considered. A general demurrer was filed by plaintiff to the answer, and to each of the counterclaims, all of which were overruled.

For answer to defendants' first counterclaim, after denying all allegations except such as were specifically admitted, plaintiff alleged that defendants gave plaintiff an order for all the goods first described in said first counterclaim, together with an order for five-twelfths dozen of each of the garments described, and immediately after the giving of such order, and during the month of February, 1906, plaintiff delivered to defendants said five-twelfths dozen of each of said garments, which defendants received and accepted without complaint and paid for; that thereafter, and at the times and in the quantities stated in plaintiff's petition and in said first counterclaim, all the goods described therein were delivered to defendants, and defendants accepted said goods without complaint, placed them upon sale and sold them and paid a large portion of the purchase price of the same; wherefore defendants are estopped to claim that said goods described in said first counterclaim were not in accordance with the terms upon which they were purchased. For answer to the second counterclaim, after the same

general denials as above set out, plaintiff alleged that on the said 29th of January, 1906, it received an order from defendants for goods to be shipped; that said order included the goods described in plaintiff's petition, together with the goods attempted to be described in defendants' second counterclaim; that in accordance with the terms of said order plaintiff immediately following the date of the same, and during the month of February, 1906, shipped to defendants five-twelfths dozen of each of the garments described in said order, which garments were accepted, retained and paid for by defendants; that immediately upon receiving said garments "defendants made unwarranted and unjust claims to this plaintiff that a portion of the goods so ordered and received by them, to wit, coats, and described in said order as 550, 520, 530, 486, 480, 484, 516, and 518, which goods were to be shipped in August following, were too small; that the sleeves of the coats were too short, and that said coats were not as large as the sizes marked on same, which complaints were wholly unwarranted and unfounded"; that in said order it was ordered that the goods described in plaintiff's petition should be shipped as soon as possible, and that the goods described in said counterclaim and set-off should be shipped during the month of August, 1906; that thereupon plaintiff did ship the goods described in plaintiff's petition at the times required by said order, and at the dates and in the quantities set forth in the petition, the purchase price being the sum of $3,566.37, to be paid by said defendants; that defendants received and accepted said goods, and paid therefor the sum of $2,251, and failed and refused to pay the balance of the purchase price, amounting to the sum of $1,315.37, "and made unfounded and unwarranted claims that plaintiff was liable to them in damages because certain goods were not shipped to them, and because certain goods received and accepted by them were deficient in quality, and contended to this plaintiff that they were not liable for and would not pay said sum, whereby and by reason of which un-

founded and unwarranted complaints and refusal to pay for the goods theretofore received, this plaintiff was relieved of any and all obligations to ship to the defendants any of the goods described in said counterclaim and set-off, and thereby became relieved of and from all liability because of said order, and this plaintiff was justified in refusing to ship said goods"; that on November 2, 1906, defendants canceled said order for goods, and directed plaintiff not to ship the same, in which cancelation plaintiff acquiesced, and thereby said order for goods became of no effect, and both plaintiff and defendants were thereby mutually relieved from any liability for and on account of said order; that the order for the goods above set forth contained the further provision: "If the production of the factory be curtailed by strikes or lock-outs to counteract strikes, or by other unavoidable occurrences, the delivery on this contract shall be proportioned to the whole production"; that during the months of May, June, July, August, September, and October, 1906, there were strikes and other labor troubles at the factory of plaintiff, which, together with unusual and continuous hot weather during the summer of 1906, so curtailed the production of said factory that it became and was impossible to manufacture and ship said goods prior to the time defendants canceled said order. Defendants, for reply to plaintiff's answer to its counterclaims, deny that they made any unfounded or unwarranted claims; that plaintiff had any right to any greater or further payments than defendants had made; that plaintiff was in any manner relieved or excused from shipping all goods ordered; that they ever acquiesced in the cancelation of said orders; and allege that plaintiff failed, neglected and refused to ship said goods, and in November, 1906, when it was too late for defendants to fill orders for the same, "which said date was long after the time when plaintiff had agreed to ship and deliver said goods to these defendants," defendants then stated to plaintiff that they would hold plaintiff responsible for all damage resulting to defendants because

of plaintiff's failure to ship and deliver said goods; deny
that it was because of any labor difficulties or trouble at
its factory that plaintiff failed, refused and neglected to
ship the said goods, and allege that at the time of plain-
tiff's failure and refusal to ship the goods plaintiff as-
signed as its only reason for such refusal and failure to
ship that the defendants had not paid the plaintiff what
plaintiff then claimed to be due; that "plaintiff further
stated that until said defendants withdrew all claim that
the goods shipped by the plaintiff were not up to the
sample and contract, that the plaintiff would not ship any
further goods to the defendants;" allege that plaintiff's
refusal and failure to ship the goods was without any
foundation or warrant; and that, having based such re-
fusal upon the sole ground of defendants' refusal to pay
the amount they claimed to be due, plaintiff "is now
estopped from pleading or proving or asserting that it
failed, neglected or refused to furnish said additional
goods for any other or different reasons;" allege that when
the garments which plaintiff alleges it shipped to defend-
ants were received by defendants they promptly and vig-
orously and in several communications to plaintiff com-
plained and objected that the goods so delivered were not
up to those ordered by defendants and were not up to or
equal in weight, workmanship, color, and size of the
samples by which said goods were sold by plaintiff to de-
fendants, and deny generally all allegations in plaintiff's
petition, not specifically admitted.

The trial upon the issues thus joined resulted in a ver-
dict in favor of the defendants for the sum of $24.20.
From a judgment upon the verdict, plaintiff appeals.

The errors assigned and argued by plaintiff are: That
the court erred in overruling plaintiff's demurrers; in giv-
ing the third instruction relating to defendants' second
counterclaim; in giving instructions 4 and 5, in reference
to defendants' second counterclaim; that the verdict is
not sustained by the evidence upon either of said counter-
claims; that the court erred in admitting in evidence the

testimony of the defendants as to statements made by one O. F. Evans; in allowing defendants to testify that, as shown by original orders in their possession, the goods described in the second counterclaim were resold by them and their traveling salesmen, and that the amount of such orders exceeded the purchase price to be paid to the plaintiff; in overruling plaintiff's motion to instruct the jury to return a verdict in its favor; in overruling plaintiff's motion for a new trial, and in rendering judgment for defendants.

With regard to the assignment that the court erred in permitting the defendants to testify to statements made by O. F. Evans, it may be said that it appears that O. F. Evans is secretary of plaintiff, and that the statements were made while he was in defendants' place of business for the purpose, as claimed by defendants, of trying to adjust the controversy which had arisen between plaintiff and defendants. In this state of the record we do not think the court erred in admitting the testimony objected to.

Nor do we think the court erred in overruling plaintiff's demurrers. Each of the counterclaims was sustained by sufficient allegations.

We do not deem it necessary to set out the instructions here. A careful examination of the three challenged in plaintiff's brief shows that they are in proper form, and correctly state the law applicable to the pleadings and to the evidence which had been introduced upon the trial.

Nor do we think any good purpose would be served by attempting to set out or to give a resume of the evidence. In our judgment it was ample to sustain the verdict returned by the jury.

The questions of law involved are settled in this state. *Punteney-Mitchell Mfg. Co. v. Northwall Co.,* 70 Neb. 688; *Burr v. Redhead, Norton, Lathrop Co.,* 52 Neb. 617; *Wittenberg v. Mollyneaux,* 60 Neb. 583; *McConnell v. Lewis,* 58 Neb. 188, and *Schrandt v. Young,* 2 Neb. (Unof.) 546.

Finding no error in the record, the judgment of the district court is

AFFIRMED.