SECURITIES INVESTMENT CORPORATION, APPELLANT, v. M. A. KREJCI, APPELLEE.

271 N. W. 287

FILED FEBRUARY 5, 1937. No. 29846.

*Francis P. Matthews* and *William P. Kelley,* for appellant.

*Dwyer & Dwyer, contra.*

Heard before GOSS, C. J., DAY, PAINE and CARTER, JJ., and TEWELL and YEAGER, District Judges.

DAY, J.

A second appeal of this replevin action comes to this court. For the former opinion, see 128 Neb. 763, 260 N. W. 396. The case was tried the second time in the district court on the petition and the general denial of the defendant. The judgment entered on the verdict of the jury was that the defendant was entitled to the truck or its value of $375.

This case was tried and submitted to the jury on the theory that the note secured by the chattel mortgage on the truck had not been paid in cash, but under the general denial of the defendant evidence was offered of a breach of warranty and misrepresentation in the sale which, it was claimed, damaged her in a sum sufficient to offset the amount due the plaintiff. In this jurisdiction, the defendant in a replevin action may, under a general denial, prove any fact which amounts to a defense.

Certainly, if the plaintiff is indebted to the defendant for damages resulting from a breach of warranty or misrepresentation in the sale of the truck involved in the transaction, which damages are at least equal to the amount due upon the note, it is a valid defense in a replevin action. Such defense is provable under a general denial. In a replevin action to foreclose a mortgage on chattels, the defendant under a general denial may prove damages resulting from a breach of warranty in the sale thereof as an offset to show that plaintiff at the commencement of the action was indebted to her in an amount at least equal to the amount due on the note. *Davis v. Culver*, 58 Neb. 265, 78 N. W. 504.

The evidence is undisputed that there was an unpaid balance due on the note secured by this chattel mortgage at the time this replevin action was instituted. Therefore, the plaintiff was entitled to the possession unless the plaintiff was indebted to the defendant for damages in an amount at least equal to that due on the note. The amount of such damages must be established by a preponderance of the evidence. A critical examination of the evidence re-

veals that the defendant did not establish by a preponderance of the evidence that she was entitled to any such amount as damages. The witnesses for the defendant do retail a story of the trials and tribulations of a truck operator. But it must be noted that this truck was four years' old. The plaintiff, or its assignor, made many repairs to the truck without expense to the defendant. Only some minor repairs were made by the defendant, and the evidence does not conclusively establish that these were necessary because of the misrepresentation or breach of warranty. However, assuming that these repairs were necessary to put the truck in condition to meet the representation or the warranty, the expense amounted to only $50, a sum far less than the amount due on the note. There is no evidence in the record to sustain the claim that there was any other amount of damage sustained by the defendant. No witness testifies as to the amount of any damage. It is a circumstance that the defendant did not attempt a rescission of the contract, but in this action is contending for the possession of the truck. In the state of the record, the verdict of the jury that the defendant was entitled to the possession of the truck was based wholly upon speculation and conjecture. In order to return such a verdict, it was necessary for the jury to find that the defendant was damaged by the misrepresentation and breach of warranty in an amount of at least $279.65. A verdict unsupported by any competent evidence, but based solely upon speculation and conjecture, cannot stand.

No doubt the jury were misled by the erroneous submission of the case. The court should not have submitted the case to the jury upon issues which had no support in the evidence. Although not requested, the court must instruct on the issues presented by the pleadings and evidence. *Hall v. Rice*, 117 Neb. 813, 223 N. W. 4; *Blue Valley State Bank v. Milburn*, 120 Neb. 421, 232 N. W. 777. But there was not sufficient evidence to sustain the contention of the defendant that she had been damaged more than the amount due on the note by the alleged misrepresentation

and breach of warranty. Even if there were evidence to sustain defendant's damage, the instruction is erroneous because, in accordance with the law as heretofore stated, the court should have instructed the jury that the plaintiff was entitled to a judgment for possession unless the plaintiff was indebted to the defendant in a sum at least equal to the amount due on the note.

Where the defense in a replevin action to foreclose a chattel mortgage is that the plaintiff is indebted to defendant, the failure of the court to instruct the jury that the amount so due must be at least equal to that due on the mortgage note to defeat plaintiff's cause of action is prejudicially erroneous.

Under the record, the plaintiff was entitled to have its motion, made at the close of all the evidence, for a directed verdict sustained. This action was commenced March 3, 1933, nearly four years ago. It has been tried twice to a jury. There is no merit in the defense. Upon the record, the plaintiff is entitled to a directed verdict. Therefore, the judgment is reversed, and the cause is remanded to the district court, with directions to enter a judgment for possession and costs in favor of the plaintiff.

REVERSED.