LIZZIE FISCHER ET AL., APPELLEES, v. ALBERT WILHELM ET AL., APPELLEES: HENRY WILHELM, APPELLANT.

300 N. W. 350

FILED OCTOBER 10, 1941. No. 31042.

*Wagner, Wagner & Albert,* for appellant.

*M. S. McDuffee* and *Moyer & Moyer, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and YEAGER, JJ., and FALLOON and ELLIS, District Judges.

MESSMORE, J.

This is a partition action before this court on motion for rehearing. The original opinion is reported in 139 Neb. 583, 298 N. W. 126.

The deceased father owned a real estate mortgage. The land evidenced by the mortgage was deeded by the mortgagor to the personal representative of the deceased's estate. This action involves the interest of a son, defendant Henry Wilhelm (hereinafter referred to as appellant), in that it is claimed certain amounts, as set out in the petition, constitute an indebtedness owing by him to the estate. The will provided for deductions to be made out of the interest of certain heirs (children of the deceased) for moneys advanced during testator's life. The will was silent, in this respect, with reference to appellant. The nine children share equally, with the exception of the deductions and certain bequests. The action was filed February 15, 1939. John Wilhelm, the father, died testate July 2, 1936.

The allegation of the petition upon which recovery is sought against appellant is: Appellant was indebted to his father, John Wilhelm, in the sum of $1,350, with interest thereon. The county court of Platte county, Nebraska, entered an order, directing the administrator to list said indebtedness as an asset of the estate. From this order Henry Wilhelm appealed to the district court. By answer he alleged a gift and denied indebtedness to the estate; further alleged that the cause of action for the alleged debt, if a debt, accrued prior to June 1, 1920, more than 16 years prior to the death of John Wilhelm, and is barred by the statute of limitations of Nebraska; that appellant has been a resident of Colorado since March 15, 1918, and that such action is barred by the statute of limitations of Colorado. Both the statutes of limitations of the states of Nebraska and Colorado are properly pleaded. No reply was filed.

The district court decreed that appellant was entitled to share equally with the other heirs at law, and that he owned a one-ninth interest in said estate; that he was indebted to such estate in the sum of $1,350, which, with interest, now totals $2,771.50; and that this amount should be set off against his share in the land. He appealed from that part of the decree charging his share with the alleged debt,

predicating error in that the judgment of the court is not sustained by the evidence and is contrary to law.

The evidence upon which plaintiffs seek to recover consists of three photostatic copies of checks, viz.: Exhibit 1, dated February 16, 1917, for $350; exhibit 2, dated January 6, 1920, for $500; exhibit 3, dated March 3, 1920, for $500, and photostatic copies of two letters, exhibit 4a, written by appellant to his father, not dated, and mailed at Fleming, Colorado, as shown by the envelope, exhibit 4b, and received by his father at Humphrey, Nebraska. The date stamped on the envelope is not legible, and the stipulation in the record fails to disclose its date. The letter contains a request for $600, needed to purchase a horse and feed, and to take care of other obligations. The son offered to give a note and pay interest, or whatever was required by the father. Exhibit 5a is a letter, written April 4, 1920, in which appellant thanks his father for the money, and states that "as soon as we have it we will return you every cent of it." Whether or not this letter constitutes an acknowledgment of the check, dated March 3, 1920, is speculative. In any event, there is no mention of the checks in either of the letters. Why the checks were given or for what purpose is not shown. There is no apparent connection between the checks and the letters; they might represent a separate and independent transaction. Therefore, the proof of appellant's indebtedness to his father and the amount, if any, is wholly speculative and conjectural.

In *Johnson v. Ghost*, 11 Neb. 414, 8 N. W. 391, it was held: "The legal inference arising from advances of money by a parent to his child, when wholly unexplained by evidence, is that they were by way of gift, and not by way of loan. And the force of this inference is not weakened by the fact of the son having given to his father a statement in the form of an account of the several sums so advanced to him." In the instant case there is not even evidence of a statement in the form of an account, given by the son to the father, showing sums advanced to him.

The most that can be said is that there are photostatic copies of three checks and two letters, with no apparent connection between the checks and letters, to show the indebtedness claimed.

The testimony of Rose Wilhelm, a daughter, who lived with her father in Humphrey, was stipulated. It consisted of conversations between the daughter and father, wherein the father told the witness that she should keep the checks and letters; that she would probably need them. This testimony was objected to, under the statute as to a conversation with a deceased person by one having an interest in the result of the action. Subject to the objection, it was stipulated that the father, at the time he stated to Rose that she should keep the checks and letters, also told her that he did not have the promissory note of Henry Wilhelm, and the checks would be evidence of the debt. Both objections to the competency of this testimony were overruled.

Section 20-1202, Comp. St. 1929, provides: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness. * * *"

The witness, Rose Wilhelm, is one of the heirs at law of the deceased, and her share in the estate, under the residuary clause of the will, will be increased if the plaintiffs are successful in this litigation. Her testimony shows that it relates to conversations and transactions had with her deceased father. The only remaining question is: Was the adverse party (appellant) a representative of the deceased, within the meaning of section 20-1202, Comp. St. 1929. All nine heirs, children of the deceased, and the administrator with the will annexed are parties to the partition action; all of the nine heirs have a direct legal interest in the result of this litigation, and all of them are representatives, in a sense, of their deceased father. See *Broeker v. Day*, 124 Neb. 316, 246 N. W. 490.

In the case of *Brown v. Forbes,* 1 Neb. (Unof.) 888, 96 N. W. 52, the court quoted the following from *Wamsley v. Crook,* 3 Neb. 344: "It seems to be the settled rule of law that the word representative as used in the statute was intended by the lawgiver to designate the person or party who succeeds to the rights of the deceased, whether by purchase, descent or operation of law." The court held: "One claiming as heir is the representative of a deceased person, within the meaning of section 329, Code of Civil Procedure (Comp. St. 1929, sec. 20-1202)." See, also, *Kroh v. Heins,* 48 Neb. 691, 67 N. W. 771; *Holladay v. Rich,* 93 Neb. 491, 140 N. W. 794.

We hold the testimony of Rose Wilhelm to be incompetent and that the objections to her evidence should have been sustained. The burden of proof is on the plaintiffs to prove, by a preponderance of the evidence, that appellant was indebted to his father's estate. It is obvious that the remaining evidence, as hereinbefore set out, is speculative and conjectural.

Section 20-1925, Comp. St. 1929, provides in substance, that appeals in equity are for trial *de novo* in this court, and it is the duty of the court to reach an independent conclusion, without reference to the findings of the district court.

"A verdict unsupported by any competent evidence, but based solely upon speculation and conjecture, cannot stand." *Securities Investment Corporation v. Krejci,* 132 Neb. 146, 271 N. W. 287. This rule likewise applies to a judgment of the trial court in an equity case, where the court is the trier of facts.

The opinion rendered in this case May 16, 1941 (139 Neb. 583, 298 N. W. 126), properly disposes of the question of competency of the testimony given by Rose Wilhelm, and is set aside and vacated in so far as such opinion is in conflict with this decision. The decree of the trial court, holding that appellant is indebted to his father's estate, is reversed.

REVERSED.