RUDOLPH K. OLSEN, ALSO KNOWN AS R. K. OLSEN, APPELLANT, v. WARREN BEST, ADMINISTRATOR OF THE ESTATE OF MARIE E. OLSEN, DECEASED, ET AL., APPELLEES.

92 N. W. 2d 531

Filed October 17, 1958. No. 34390.

*Henry F. Pedersen* and *Wilbur C. Smith,* for appellant.

*Finlayson, McKie & Kuhns,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit in equity to establish a resulting trust as to certain real estate in favor of a surviving husband as against the heirs of a deceased wife in whose name the title was vested at the time of her death.

The pertinent facts which are supported by competent evidence are as follows: Plaintiff and Marie E. Gilson were married on July 3, 1945. Plaintiff was then 55 years of age and his wife was 52. Plaintiff had two sons by a previous marriage. His wife had two daughters by a previous marriage, they being Esther Donahoo and Ethel Nickelson, who were made parties defendant in the instant suit. In January 1947, plaintiff purchased a home for the sum of $15,500. The title to the home was placed in the name of the wife because she was younger and apparently in better health, and to keep the house from becoming involved in any of plaintiff's possible business misfortunes.

In 1948 the wife became ill and, after an illness of more than 2 years, passed away on September 20, 1951. At the time of his wife's death plaintiff had fully paid for the house. Plaintiff contends that he was the true owner of the property and that he had paid for it from his own funds. He brought this action, praying that he be decreed to be the true owner and that a resulting trust be established in his favor, that title be decreed to be vested in him, and that such title be quieted in him against the defendants.

It is the contention of the defendants that the deceased wife was the owner of the property at the time of her death and that they are entitled to the property as her heirs at law subject to the homestead interest of the plaintiff.

The trial court found that no resulting trust had been

established, and dismissed the action. Plaintiff has brought the case here on appeal.

The plaintiff testified over objection to many matters which had some tendency to support the theory of a resulting trust. This evidence was clearly inadmissible under section 25-1202, R. R. S. 1943, commonly referred to as the dead man's statute. The defendants were the representatives of a deceased person and the plaintiff had a direct legal interest in the result of the suit. The placing of the title in the name of the wife and the subsequent recording of the deed constituted a transaction between the husband and wife within the meaning of the statute. Any evidence by the plaintiff relative to and tending to destroy the effect of that transaction is incompetent under the dead man's statute. Fischer v. Wilhelm, 140 Neb. 448, 300 N. W. 350. The incompetent evidence was received subject to the proper objection. The trial court refused to consider the incompetent evidence in the record. We do likewise, under the rule that upon appeals in suits in equity this court will not consider incompetent evidence received by the trial court. Dier v. Dier, 141 Neb. 685, 4 N. W. 2d 731; Owens v. Reed, 141 Neb. 796, 4 N. W. 2d 914.

We think the controlling rule of law in the instant case was announced in Brodsky v. Brodsky, 132 Neb. 659, 272 N. W. 919, wherein it is said: "Even in cases of insolvency involving the advancement of money as part of the purchase price, we have long been committed to the view that no resulting trust arises in favor of a person furnishing the consideration for the purchase of property taken in the name of another, where the parties were sufficiently close so as to give rise to the presumption that a gift was intended. And where the parties are husband and wife, there is a presumption that the placing of title in the name of one spouse was intended by the other spouse as a gift." See, also, Van Etten v. Passumpsic Savings Bank, 79 Neb. 632, 113 N.

W. 163; Klamp v. Klamp, 51 Neb. 17, 70 N. W. 525; Bogert on Trusts, Vol. 2A, § 459, p. 473.

There is no competent evidence in this record, clear and satisfactory in nature, to establish a resulting trust. Holbein v. Holbein, 149 Neb. 281, 30 N. W. 2d 899; Veeder v. McKinley-Lanning Loan & Trust Co., 61 Neb. 892, 86 N. W. 982. Where the evidence is as consistent with another relationship as with that of a trust, a trust will not ordinarily be found to exist. O'Connor v. Burns, Potter & Co., 151 Neb. 9, 36 N. W. 2d 507. The material and relevant evidence in the instant case is as consistent with the theory of gift as with the theory of a resulting trust. Under such a situation the evidence will not sustain a finding that a resulting trust was created.

A review of all the facts and circumstances disclosed by competent evidence clearly establishes that there was no resulting trust in the present case and that the trial court was correct in so holding.

AFFIRMED.

YEAGER, J., not participating.