IN RE ESTATE OF LEWIS E. LAFLIN, DECEASED.
MABEL O. WHITTEN ET AL., APPELLANTS, V. ROBERT D. LAFLIN ET AL., APPELLEES.
MABEL OLA WHITTEN ET AL., APPELLANTS, V. ROBERT D. LAFLIN ET AL., APPELLEES.
113 N. W. 2d 598

Filed March 9, 1962. No. 35122.

Raymond Morrissey, Thomas Morrissey, William L. Walker, and Earl Ludlam, for appellants.

Chambers, Holland, Dudgeon & Hastings, for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding which was com-

menced by the filing of a claim in a proceeding to probate the will and administer the estate of L. E. Laflin, deceased, which was pending in the county court of Johnson County, Nebraska. The claimant, Mabel O. Whitten, guardian of Ronald James Edwards, a minor, is the appellant in this court. The appellees are Robert D. Laflin, Lewis E. Laflin, and Maree Laflin, executors of the estate of Lewis E. Laflin, deceased. For convenience, the appellant will be referred to as the guardian and the appellees as the executors.

The Western Surety Company, which is the surety on the guardian's bond, filed a separate claim in the county court and is an appellant in this court. The surety company has no interest in this proceeding other than the interest it may have because it is the surety on the guardian's bond. In disposing of the issues presented by this appeal it will not be necessary to make any further reference to the surety company.

The claim (denominated petition and application) which the guardian filed in the estate proceeding on December 16, 1958, alleged in substance that the deceased had represented the guardian as her attorney from the time of her appointment until his death; that pursuant to an order of the county court on April 21, 1951, directing the investment of the funds of the ward, the guardian executed and delivered to the deceased a check dated May 18, 1951, in the amount of $1,478.07 to be used to purchase government bonds; that the deceased failed and neglected to invest the proceeds of the check in government bonds but unlawfully appropriated and converted the funds to his own use; and that the funds delivered to the deceased by the guardian were trust funds and should be repaid from the assets of the estate. The claim further alleged that on November 13, 1954, the guardian executed and delivered to the deceased a check in the amount of $500 for the purchase of a bond; that after the death of the deceased, a $500 United States Savings Bond, No. D843698H, was deliv-

ered to the guardian by one of the executors who demanded payment therefor and represented that payment for the bond had not been made previously to the deceased; that the guardian executed and delivered to the executors a check for $500 dated April 18, 1956, which funds have been converted to the use and benefit of the estate; and that the court should declare that the estate holds $500 in trust for the guardian.

Objections to the claim of the guardian (denominated answer to petition and application of Mabel Ola Whitten) were filed by the executors. The objections admitted that the guardian was duly appointed, qualified, and acting; denied all allegations except those admitted; alleged that the deceased died February 13, 1956; that the guardian knew of his death, attended his funeral, and dealt with his executors; that an order barring claims was entered in the estate proceeding on July 14, 1956; that the guardian filed or asserted no claim until December 19, 1958; and that the claim of the guardian is barred by the statute of limitations and the statute of non-claim.

The county court found that the guardian had paid the sum of $1,478.07 to the deceased to be invested in bonds but that the deceased failed and neglected to invest the funds in bonds; that the executors hold the sum of $1,478.07 as trustees for the guardian; that the guardian had erroneously paid $500 to the estate; and that the executors should reimburse the guardian. The executors were ordered to pay the sums of $1,478.07 and $500, with interest, to the guardian. The executors then appealed to the district court.

The guardian filed a petition in the district court alleging the same facts as had been alleged in county court, and, in addition thereto, that on or about December 7, 1953, the guardian had delivered the sum of $146.93 to the deceased for the purpose of purchasing bonds or depositing it in a bank; that the deceased failed to purchase bonds, deposit the money in a bank, or return the

funds to the guardian; and that the funds delivered to the deceased were held by him in trust and should be repaid by his executors.

While the appeal from the county court was pending in the district court, the guardian and her surety commenced an independent action in the district court against the executors. Before trial this action was consolidated with the appeal from the county court and does not require further consideration except with reference to the $500 item.

The district court found generally in favor of the executors and against the guardian; that the decree of the county court in the estate proceedings should be reversed; and that the petition of the guardian in the action in district court should be dismissed with prejudice. The guardian's motion for new trial was overruled and she has appealed.

The claim of the guardian against the executors consisted of three separate items. In disposing of the appeal, each item of the claim will be discussed separately.

With respect to the item of $1,478.07, the evidence shows that on or about May 18, 1951, the guardian paid $1,478.07 to the deceased. The guardian attempted to testify that the money was paid to the deceased for the purchase of bonds and that she did not receive anything in return for it. This testimony was objected to as being incompetent under section 25-1202, R. R. S. 1943, and was not received. The objection was properly sustained because the guardian had a direct legal interest in the result of the action, the adverse parties were the representatives of a deceased person, and the testimony concerned a transaction and conversation between the deceased person and the witness. Olsen v. Best, 167 Neb. 198, 92 N. W. 2d 531.

There is other evidence that at about this time the deceased received $1,478.04 from the guardian for bonds which was deposited to the account of the deceased, and that he purchased and received for the guardian two gov-

ernment bonds for $1,478.01. There is no evidence as to what happened to the bonds. There is a complete failure of proof as to whether the bonds, or the money, were later delivered to the guardian. The evidence was not sufficient to sustain the allegations of the petition in regard to the $1,478.07 item. The finding of the district court against the guardian as to this item was proper.

With respect to the item of $500, the evidence shows that in November 1954, the guardian delivered to the deceased a check for $500 for the purchase of government bonds. After his death a manila folder or envelope containing government bonds and other papers relating to the guardianship was found in the office of the deceased. A little tin box containing a $500 government bond was also found. A girl helping in the office advised one of the executors that the bond in the tin box had been purchased by the deceased for the guardian but that the guardian had not paid the deceased for the bond. The executor then wrote to the guardian. Later the guardian came to the office and delivered a check for $500 to the executor. The executor then delivered the $500 bond and the contents of the manila folder or envelope to the guardian. The $500 check which the guardian delivered to the executors was dated April 18, 1956. It was deposited to the account of the executors and was paid April 21, 1956.

When the executors delivered to the guardian the $500 bond which the deceased had purchased for the guardian, any liability of the deceased to the guardian in respect to that transaction was discharged. The fact that the guardian at the same time by mistake may have paid $500 to the executors which she did not owe would not create any liability on the part of the deceased or his estate to the guardian, and could not be the basis for a claim against the estate.

"In all cases of promises, express or implied, made to or by an administrator, after the death of the in-

testate, the action lies for or against the administrator personally. Therefore, where money was paid to an administrator by mistake and he receipted as administrator, an action to recover it may be brought against him personally." 21 Am. Jur., Executors and Administrators, § 916, p. 886. See, also, Grier v. Huston, 8 Serg. & R. (Pa.) 402, 11 Am. D. 627; Cronan v. Cotting, 99 Mass. 334; Weeks v. Love, 19 Ala. 25. The liability of the executors to repay to the guardian the $500 which she has paid to them by mistake was their personal liability and not a liability in their representative capacity.

The petition filed by the guardian in the district court in June 1960, while the appeal from the county court was pending, contained the same allegations as the petition on appeal from the county court and described the defendants as executors. But even if that action should be considered to have been brought against the executors in their personal capacity, it was barred by the statute of limitations because the payment had been made in April 1956. An action for money had and received must be brought within 4 years from the receipt of the money. Murphy v. City of Omaha, 1 Neb. (Unoff.) 488, 95 N. W. 680. Thus, the finding of the district court against the guardian as to the $500 item was proper.

With respect to the item of $146.93, there was a complete failure of proof. The parties stipulated that the guardian had been found to be short in her accounts in that amount, and a check stub for that amount appears as an exhibit in the bill of exceptions. The exhibit, however, was not properly identified by the testimony of any witness and it was not offered in evidence by any of the parties. The finding by the district court against the guardian as to this item was also proper.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.