GEORGE W. FARMER, SPECIAL ADMINISTRATOR OF THE ESTATE OF JEFFREY FARMER, DECEASED, APPELLANT, V. S.M.S. TRUCKING COMPANY, A CORPORATION, ET AL., APPELLEES.

145 N. W. 2d 922

Filed October 28, 1966. No. 36197.

Schrempp, Lathrop, Rosenthal & Bruckner, for appellant.

Cassem, Tierney, Adams & Henatsch and Charles F. Gotsch, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and NEWTON, District Judge.

NEWTON, District Judge.

This is an action brought by George W. Farmer, Special Administrator of the Estate of Jeffrey Farmer, deceased, as plaintiff, against S.M.S. Trucking Company, a corporation, and Arthur B. Custer as defendants.

The allegations of plaintiff's petition material to this appeal are that on June 12, 1963, plaintiff's decedent was operating a bicycle in an easterly direction on West Dodge Road in Omaha, Douglas County, Nebraska; that at such time defendant, Arthur B. Custer, was operating a tractor and semitrailer' loaded with sand and gravel in an easterly direction on West Dodge Road; and that on approaching the intersection of One Hundred Sixty-eighth Street plaintiff's decedent made a left turn and was struck by the truck operated by the defendant, Arthur B. Custer, and belonging to the defendant, S.M.S. Trucking Company, a corporation. The petition charges the defendants with negligence in failing to keep a proper lookout, in failing to keep the truck under proper control, and in operating the truck at an excessive rate of speed under the existing circumstances. It further charges the defendant, S.M.S. Trucking Company, only, with negligence in furnishing its employee a vehicle which it knew or should have known had defective brakes in that it exerted an unequal retarding power.

Defendants' answer denied the allegations of plaintiff's petition above set forth; and charged plaintiff's decedent with contributory negligence, and with confronting the defendant Custer with a sudden emergency not of his making. For reply plaintiff denied the new matter in defendants' answer contained.

The court instructed the jury on all the material allegations of negligence contained in plaintiff's petition, but did not instruct the jury that it might bring in a verdict against the employer, S.M.S. Trucking Company, a corporation, notwithstanding it might find that the defendant Custer was free from negligence. This

is plaintiff's principal contention of error and is based upon the allegation that a truck with defective brakes was furnished the driver thereof.

The evidence, which is uncontroverted, is in substance as follows: Plaintiff's decedent was a 9-year-old boy who lived on One Hundred Sixty-eighth Street to the north of Dodge Road. He was riding his bicycle in an easterly direction along the right-hand or southernmost edge of Dodge Road. The defendant Custer, also traveling in an easterly direction, overtook plaintiff's decedent and on doing so turned into the left-hand or passing lane for eastbound traffic. When 40 or 50 feet behind the bicycle he "beeped" his horn. Plaintiff's decedent looked over his shoulder at him and then proceeded to make a left-hand turn across the highway in front of the truck. The truck veered further to the left and the boy was struck at a point about on the centerline of the highway by the left front fender and headlight of the truck which continued across the centerline for a distance of approximately 100 feet as subsequently shown by skid marks of the left rear dual tires on the tractor or trailer. Skid marks were not left by any of the other wheels or tires on the vehicle. The driver of the truck testified that as plaintiff's decedent turned to the left, he applied the brakes on the truck and went straight ahead, but that the truck pulled somewhat to the left across the centerline as mentioned. After the accident the truck was unloaded and then driven, it being an International truck, to the International Harvester Company in Omaha where the brakes were thoroughly checked by the service manager, an experienced mechanic, who found it to be in all respects in good working order. This individual further testified that skidding by the one set of dual tires could result from several causes other than defective brakes, such as turning or swerving, shifting the weight of the load from one set of duals, shifting of the load, the condition of the tires whether smooth or with rib tread, the amount of per square inch of tire on

the road surface, or condition of the road surface; and that turning from the right to the left would remove some of the weight from the left wheels, cause them to skid, and that once they started to skid they would become hot and continue to skid.

On these facts the jury found generally for both defendants, and upon these facts the plaintiff contends that the instruction as to separate verdicts should have been given.

Negligence is defined as "a failure to do what reasonable and prudent persons would ordinarily have done under the circumstances and situation, or doing what reasonable and prudent persons under the existing circumstances would not have done." Eaton v. Merritt, 135 Neb. 363, 281 N. W. 620. It necessarily follows that in this case before negligence can be imputed to defendants due to defective brakes, it must appear that defendants either knew or in the exercise of ordinary care should have known of the alleged defective condition. There is no evidence whatsoever in this record charging the defendants with such knowledge or of the existence of any condition which would charge defendants with such knowledge.

Knowledge is fundamental to liability for negligence. The very concept of negligence presupposes that the party charged therewith either fails to foresee an unreasonable risk of injury to another, or could have foreseen it had he conducted himself as a reasonably prudent person. American Air Lines, Inc. v. Shell Oil Co., Inc., 355 Mich. 151, 94 N. W. 2d 214; Minder v. Peterson, 254 Minn. 82, 93 N. W. 2d 699; Amelsburg v. Lunning, 234 Iowa 852, 14 N. W. 2d 680; Wadzinski v. Cities Service Oil Co., 275 Wis. 84, 80 N. W. 2d 816; Scarborough v. Aeroservice, Inc., 155 Neb. 749, 53 N. W. 2d 902, 30 A. L. R. 2d 1159.

The sole evidence in this record that indicates in any manner whatsoever a possibility of defective brakes or that the brakes did not exert an equal retarding

force on all wheels is that of the defendant Custer, who said that the truck pulled slightly to the left when the brakes were applied and the fact that only one set of duals left skid marks. The undisputed evidence indicates that this situation could have been caused by numerous other possibilities and that on subsequent examination the brakes were in excellent working order and exerted an equal retarding force on each wheel. Under such circumstances a jury could only arrive at the conclusion that the brakes were defective by means of speculation or conjecture, and a verdict based upon speculation or conjecture can not be sustained. Securities Investment Corp. v. Krejic, 132 Neb. 146, 271 N. W. 287; Springer v. Henthorn, 169 Neb. 578, 100 N. W. 2d 521; Odom v. Willms, 177 Neb. 699; 131 N. W. 2d 140.

The jury in this case rendered a verdict for the defendant Custer, the driver of the truck, although he was charged with a failure to maintain adequate control of his vehicle. Certainly defective brakes would under the circumstances presented here be a matter of interest in determining whether or not the defendant did exercise reasonable control of his vehicle. The question of control was submitted to the jury and resolved in favor of the defendant Custer. This would perhaps be sufficient answer to plaintiff's contention, but in any event since the plaintiff as a matter of law would not have been entitled to a verdict against the defendant, S.M.S. Trucking Company, a corporation, on the charge that it had furnished a truck with defective brakes to its driver, there can be no prejudice to plaintiff. Odom v. Willms, *supra*.

For the reasons stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.