CLARA SIEMSEN, APPELLANT, v. SKY HARBOR AIR SERVICE, INC., APPELLEE.

161 N. W. 2d 867

Filed October 25, 1968. No. 36894.

Marchetti & Samson, for appellant.

Lyle E. Strom, C. L. Robinson, and Fitzgerald, Brown, Leahy, McGill & Strom, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for damages for personal injuries brought by Clara Siemsen against Sky Harbor Air Service, Inc. The trial court sustained the defendant's motion to dismiss made at the close of the plaintiff's evidence. The plaintiff's motion for new trial was overruled and she has appealed.

The plaintiff has been a registered nurse for more than 35 years. In April 1964, the plaintiff was employed to attend a heart patient who was to be flown to Omaha, Nebraska, from New Orleans, Louisiana, in one of the defendant's airplanes. The plaintiff does not contend that she was an employee of the defendant.

The airplane which the defendant furnished for this trip was a small passenger plane. The seats behind the pilot had been removed and an arrangement made so that the patient could lie down during the trip. On the trip to Omaha the plaintiff sat in one, of the seats on the other side of the plane so that she could attend the patient during the flight.

The surface of the pad on which the patient lay during the flight was approximately 16 inches above the floor. The patient's head was located just behind the pilot's seat and a little forward of the plaintiff's seat. The plaintiff's seat faced forward and could be moved to the front or the, rear, but could not be turned to the side.

Before taking off, the pilot directed the passengers to fasten their seat belts. The plaintiff fastened her seat belt and remained seated during the flight, but loosened the belt after the plane was in the air. The patient required constant attention during the flight which required the plaintiff to reach toward the patient and twist her body. The plaintiff noticed a "pulling" sensation in her lower back during the flight and developed an ache by the time she arrived in Omaha. Her condition became worse during the next few days and she was hospitalized on the fourth day. She was found to have a herniated vertebral disk, and a laminectomy was performed 2 weeks later. The attending physician testified that it was his opinion that the twisting of the plaintiff's body while she was seated in the airplane with the belt tightened was a competent producing cause of her injuries.

The plaintiff's theory of the case is that the defendant is a common carrier and that she was injured as a result of the defendant's negligence. Negligence is a failure to do what a reasonable and prudent person would have done under the circumstances or doing what a reasonable and prudent person would not have done under the circumstances. Farmer v. S.M.S. Trucking Co., 180 Neb. 779, 145 N. W. 2d 922.

The petition alleged that the defendant was negligent

in failing to provide the plaintiff with a "safe instrumentality" in which to practice her profession. The plaintiff's contention is that the defendant should have provided her with a seat which faced the patient or one that could be turned so as to face the patient.

There is no evidence that the plaintiff's seat or any other part of the airplane was defective, that it was customary to equip airplanes with seats which can be turned to the side, or that it was improper to use an airplane without such equipment for ambulance purposes. The plaintiff's attempt to prove that the defendant had another airplane with such equipment would not establish that the airplane furnished was not properly equipped. The evidence does not show that the defendant should have anticipated that the plaintiff would be injured by attending the patient while seated in the airplane.

The trial court found that the evidence was insufficient to sustain a finding of any negligence on the part of the defendant. This finding was correct, and the motion to dismiss was properly sustained. It is unnecessary to determine whether the evidence established that the defendant was a common carrier or to consider the other assignments of error.

The judgment of the district court is affirmed.

AFFIRMED.