**PLAYER PIANETTE, INC., an Iowa corporation, Plaintiff and Appellant,**

v.

**DALE ELECTRONICS, INC., Defendant and Appellee.**

**No. 72-1632.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1973.

Decided May 7, 1973.

Gregory M. Schatz, Omaha, Neb., for plaintiff and appellant.

Ephraim L. Marks, Omaha, Neb., for defendant and appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Player Pianette, Inc., an Iowa corporation, brought this diversity action in the Nebraska federal district court, charging Dale Electronics, Inc., of Columbus, Nebraska, with breach of a contract dated in late 1963. In an unreported opinion, the late Judge Dier granted summary judgment for the defendant because the action had not been brought within the five-year statute of limitations specified by Nebraska law.[1] Appellant contends that since the substantive law of Iowa would apply to this case, so also should the Iowa Statute of Limitations[2] which permits actions for breach of contract to be brought within ten years of the accrual of the action. The crux of appellant's argument is that the statute of limitations should be regarded as substantive law as opposed to the traditional view that such statute is procedural in nature.

Judge Dier in rejecting this contention correctly noted that he was required to apply the conflict of laws rules of Nebraska and that although Nebraska courts had not spoken on the precise question presented, courts generally have applied the statute of limitations of the forum state to determine whether an action is barred. He deemed that the Nebraska Supreme Court would ap-

---

1. Neb.Rev.Stat. § 25-205 (1943) provides:

    \*    \*    \*    \*    \*

    An action upon a specialty, or any agreement, contract or promise in writing, or foreign judgment, can only be brought within five years;

    \*    \*    \*    \*    \*

2. Iowa Code Ann. § 614.1 (Cum.Supp. 1973) provides:

    Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specifically declared:

    \*    \*    \*    \*    \*

    5. Written contracts—judgments of courts not of record—recovery of real property. Those founded on written contracts, or on judgments of any courts except those provided for in the next subsection, and those brought for the recovery of real property, within ten years.

ply this general rule. Judge Dier also noted that in Fischer v. Wilhelm, 139 Neb. 583, 298 N.W. 126 (1941), the Nebraska Supreme Court had held that statutes of limitations do not create or detroy rights but pertain only to the remedy.

Appellant has cited no case supporting its theory that a statute of limitations should be characterized as substantive rather than procedural. We believe the district court was entirely correct in applying the Nebraska (five-year) statute to this controversy and in ruling that such statute barred appellant's suit. Thus we affirm on the basis of Judge Dier's opinion.

Affirmed.