**GRAND ISLAND EXPRESS, a Corporation, Appellant,**

v.

**TIMPTE INDUSTRIES, INC., a Delaware Corporation, formerly known as Timpte, Inc., Appellee.**

No. 93–3852.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided June 30, 1994.

J. Patrick Green, Omaha, NE, argued, for appellant.

Andrew D. Strotman, Lincoln, NE, argued, for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and NANGLE,* Senior District Judge.

WOLLMAN, Circuit Judge.

Grand Island Express ("Grand Island") appeals from the district court's[1] grant of summary judgment in favor of Timpte Industries, Inc. ("Timpte") on the grounds that

---

* The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Richard C. Kopf, United States District Judge for the District of Nebraska.

Grand Island's action was barred by the applicable statute of limitations. We affirm.

## I. BACKGROUND

In 1984, Grand Island purchased fifty-two "meat railer" refrigerated trailers from Timpte. All fifty-two trailers had aluminum duct flooring with interlocking non-welded seams, and all were in service by December 31, 1984. The sales contracts for the trailers incorporated the terms of the Timpte New Van Trailer Warranty which warranted that the trailers would be "free from defects in materials and workmanship for a period of five years from the date-of-delivery to the First Purchaser."

In 1986, Grand Island began experiencing problems with the trailers when holes and cracks appeared in the aluminum duct floors. By August 21, 1987, at least fourteen floor repairs were made on at least twelve trailers. Grand Island's president, Tom Pirnie, approached Timpte salesman Larry Lamer in the spring of 1987 to make what he characterized as a "warranty claim." He informed Lamer of the floor problems and inquired as to their possible cause. Pirnie maintains that Lamer told him that other Timpte owners were not experiencing floor problems and that Grand Island's problems were probably attributable to its practice of backhauling loads of heavy steel in the trailers. Grand Island stopped backhauling the heavy steel in August 1987, yet it continued to experience floor failures: in 1988, at least seventeen trailers required floor repairs; in 1989, at least eighteen trailers required floor repairs; and in 1990, at least nine trailers required floor repairs.

In early 1990, Grand Island hired a consultant to examine one of the trailers. The consultant asserted that the floor's defective design allowed water to infiltrate the structure of the trailer floor and corrode the floor from underneath. On August 21, 1991, Grand Island filed suit against Timpte alleging that Timpte breached the express warranty that the trailers would be free from defects in materials and workmanship for a period of five years. Grand Island also alleged that Timpte knew or had reason to know that its warranty was false. Addition-

ally, Grand Island alleged that by describing the trucks as "meat railers" Timpte represented that the trailers were "suitable for the transportation of meat and meat products, when it knew or had reason to know that the trailers were not in fact suitable for that use."

## II. DISCUSSION

We review a grant of summary judgment de novo. The question before us is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *St. Paul Fire & Marine Ins. Co. v. Federal Deposit Ins. Corp.*, 968 F.2d 695, 699 (8th Cir.1992).

Nebraska law governs the issues on appeal in this diversity case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941) (federal court must follow conflicts of law rules of forum state); *Player Pianette, Inc. v. Dale Electronics, Inc.*, 478 F.2d 336 (8th Cir.1973) (per curiam) (under Nebraska law, statutes of limitations are procedural and procedural law of forum controls); *Federal Deposit Ins. Corp. v. Petersen*, 770 F.2d 141, 142–43 (10th Cir.1985) (contractual choice of law provisions do not encompass statutes of limitations absent express statement of intent). We review de novo the district court's determination of state law. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

The Nebraska statute of limitations requires that a buyer of goods bring its action for breach of contract against a seller within four years from the date the cause of action accrues. Neb.Rev.Stat.U.C.C. § 2–725(1) (1992). The statute also provides:

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance

the cause of action accrues when the breach is or should have been discovered.

Neb.Rev.Stat.U.C.C. § 2–725(2).

■ We conclude that the discovery exception to Section 2–725(2) applies. Timpte's express warranty explicitly extended to the future performance of the trailers when it stated that the trailers would be "free from defects in materials and workmanship for a period of five years from the date-of-delivery to the First Purchaser." *See Grand Island School Dist. # 2 of Hall County v. Celotex Corp.,* 203 Neb. 559, 279 N.W.2d 603, 609 (1979) (discovery exception applies where seller explicitly states product will "last for 10 years.") Therefore, the four-year statute of limitations was tolled until the time the breach was or should have been discovered by Grand Island.

■ We further conclude that Grand Island discovered the breach before August 21, 1987 (four years prior to filing suit) and thus its breach of warranty claim was time-barred. Grand Island argues that the district court erred in granting summary judgment because there remained a fact question as to whether it should have known the floors were not in conformity with the warranty or whether it reasonably believed the problems with the floors resulted from normal wear and tear. Where "the evidence leaves no room for a reasonable difference of opinion, the district court may resolve fact issues as a matter of law." *Miles v. A.O. Smith Harvestore Products, Inc.,* 992 F.2d 813, 817 (8th Cir.1993). Grand Island made its first trailer floor repairs in May 1986. By June and July 1987, it was repairing four to five trailer floors per month, welding as many as twelve holes and eighteen cracks per floor. The extent of repair work distinguishes this case from *R.W. Murray, Co. v. Shatterproof Glass Corp.,* 758 F.2d 266, 274 (8th Cir.1985), in which the plaintiffs' discovery of "relatively few defect[s]" did not trigger the running of the statute of limitations.

■ Grand Island contends that it was misled by Timpte's assertion that the floor problems were caused by overloading and not by defects in materials or workmanship. This is not a case in which the defendant attempted to conceal the plaintiff's cause of action or effected misleading repairs. Timpte merely disagreed with Grand Island as to the source of the floor problems and refused to concede the validity of Grand Island's warranty claim. "The time limit for filing suit is not extended by reason of the adversary's refusal to agree that the claim is valid." *Firestone & Parson, Inc. v. Union League of Philadelphia,* 672 F.Supp. 819, 822 (E.D.Pa.), *aff'd,* 833 F.2d 304 (3rd Cir.1987).

■ Finally, Grand Island argues that the district court mischaracterized its intentional misrepresentation claims as implied warranty claims and dismissed them as time-barred. Even assuming that Grand Island sufficiently pleaded fraud claims, *see* Fed.R.Civ.P. 9(b), we reach the same result as the district court. In Nebraska an action for fraud is subject to a four-year statute of limitations which begins to run upon "discovery of the fraud or of facts sufficient to put a person on inquiry, which, if pursued, would lead to discovery." *Grand Island School Dist.,* 279 N.W.2d at 608; Neb.Rev.Stat. § 25–207(4). Because Grand Island possessed sufficient facts by August 21, 1987, to put it on notice of the alleged fraud, these claims are barred.

The judgment is affirmed.