# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2943

_____

| | | |
|---|---|---|
| The Colonial Press, Inc, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Cothran Printing Equipment, Inc.; | * | Appeal From the United States |
| Cothran's Graphic Arts Equipment | * | District Court for the |
| Company, | * | District of Nebraska. |
| | * | |
| Defendants-Appellees, | * | [UNPUBLISHED] |
| | * | |
| Komori Corporation, a corporation; | * | |
| Komori America Corporation, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: January 13, 2006
Filed: April 14, 2006

_____

Before BYE, HEANEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

The Colonial Press, Inc. (Colonial) appeals the district court's[1] grant of summary judgment to Cothran Printing Equipment, Inc., et al. (Cothran), in Colonial's diversity suit, alleging breach of express and implied warranties based on mechanical problems with a printing press it purchased from Cothran. The district court held that Colonial's claims were barred by the four-year[2] statute of limitations, because the printing press was delivered on or about July 10, 1999 and Colonial did not file its complaint until July 8, 2004. The district court also rejected Colonial's "future performance" exception[3] argument, holding that, although the exception applied, Colonial's complaint conclusively demonstrated that it "discovered" the alleged breach "[a]lmost immediately following installation of the Press." (Appellees' App. at 21.) Therefore, the district court concluded, even with the exception, the limitations period began to run "almost immediately following the installation of the Press" on July 10, 1999, and the four-year period expired prior to July 8, 2004–the date that Colonial filed its complaint. (Id.)

After careful consideration of Colonial's arguments and upon de novo review, Grand Island Express v. Timpte Indus., Inc., 28 F.3d 73, 74 (8th Cir. 1994), we affirm on the basis of district court's well-reasoned memorandum and order, see 8th Cir. R. 47B.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

[2]Neb. Rev. Stat. U.C.C. § 2-725(1). Although the purchase agreement included a choice of law provision naming Colorado law as controlling, the district court correctly applied the more generous statute of limitations provided by Nebraska law.

[3]Neb. Rev. Stat. U.C.C. § 2-725(2).